# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────x

In re VEECO INSTRUMENTS, INC.                    05 MD 1695 (CM)
SECURITIES LITIGATION
──────────────────────────────────x

THIS DOCUMENT RELATES TO:
──────────────────────────────────x

EDWARD J. HUNEKE, derivatively on behalf of
VEECO INSTRUMENTS, INC.,

        Plaintiff,

  -against-                                       05 CV 10224 (CM)

EDWARD H. BRAUN, PETER J. SIMONE,
RICHARD A. D'AMORE, JOEL A. ELFTMANN,
HEINS K. FRIDRICH, DOUBLAS A. KINGSLEY,
DR. PAUL R. LOW, ROGER D. MCDANIEL,
IRWIN H. PFISTER, and WALTER J. SCHERR,
Inclusive,

        Defendants,

and

VEECO INSTRUMENTS, INC.,

        Nominal Defendant.
──────────────────────────────────x

DAVID ALTMAN, derivatively on behalf of VEECO
INSTRUMENTS, INC.,

        Plaintiff,

  -against-                                       05 CV 10225 (CM)

EDWARD H. BRAUN, JOHN F. REIN, JR.,
WALTER J. SCHERR, IRWIN H. PFISTER, ROGER
D. MCDANIEL, PAUL R. LOW, DOUGLAS A.
KINGSLEY, HEINZ K. FRIDRICH, JOEL A.
ELFTMANN, RICHARD A. D'AMORE, and

PETER J. SIMONE,

                Defendants,

and

VEECO INSTRUMENTS, INC.,

                Nominal Defendant.

-------------------------------------------------------x

AUGUST SCHUPP, III, derivatively on behalf of
VEECO INSTRUMENTS, INC.,

                Plaintiff,

    -against-                                              05 CV 10226 (CM)

EDWARD H. BRAUM, RICHARD A. D'AMORE,
JOEL A. ELFTMANN, HEINZ K. FRIDRICH,
DOUGLAS A. KINGSLEY, PAUL R. LOW, ROGER
D. MCDANIEL, IRWIN H. PFISTER, WALTER J.
SCHERR, PETER J. SIMONE, JOHN P. KIERNAN,
And JOHN F. REIN, JR.,

                Defendants,

and

VEECO INSTRUMENTS, INC.,

                Nominal Defendant.

-------------------------------------------------------x

**PLAINTIFFS' FIRST REQUEST FOR
THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.1-26.4 and 34.1 of the Rules of the United States District Court for the Southern District of New York, plaintiffs, by their counsel, hereby request that defendants produce within thirty (30) days' service hereof the following documents in accordance with the definitions and instructions set forth below. Plaintiffs request that defendants produce the requested documents for inspection and copying at the offices of Wechsler Harwood LLP, 488 Madison Avenue, New York, NY 10001, or at some other location as mutually agreed upon.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs' First Request For The Production Of Documents ("first document request") hereby incorporates all definitions, instructions and documents requests set forth in Plaintiffs' First Request For Production Of Documents Directed To All Defendants served upon defendants in *In re Veeco Instruments, Inc. Securities Litigation*, Case No. 7:05-md-1695(CM), on April 6, 2006 ("securities plaintiffs' document request"). All other terms have the definitions as set forth below and in accordance with Rule 26.3(a) of the Rules of the United States District Court for the Southern District of New York.

1. The term "consultant" refers to any advisor to Veeco, its Board or sub-committees thereof, whether a legal, financial or accounting company retained for the purpose of giving advice to the Company about any of its business affairs or that Veeco's employees sought out for any such advice.

2. The term "controls" refers to any rules, procedures, practices, established courses of conduct, whether formal or informal, written or unwritten, recorded or

unrecorded, which was implemented by the Company with the intent that they be adhered to by Veeco, its directors, officers and employees in the scope of the Company's business affairs.

### RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period includes all documents from January 1, 2003 through the date of production.

### DOCUMENTS REQUESTED

1.  All documents concerning any and all meetings of the Board, any special meetings or sub-committees thereof, whether formal or informal, including, without limitation, all materials presented or disseminated at, prepared for, prepared after or in connection with, all agendas, e-mails, reports, notes taken at, minutes and drafts thereof, and all correspondence in connection with any such meeting.

2.  All documents concerning the professional background and biography including, without any limitation, curriculum vitae of any member of the Board and sub-committees thereof.

3.  All documents concerning any efforts to implement a system of internal controls aimed at integrating TurboDisc and its employees into the Company.

4.  All documents concerning the decision to reduce the size of the accounting department of the TurboDisc division after its acquisition by Veeco.

5.  All documents concerning the "single individual at Turbodisc whose employment had been terminated" to whom Veeco attributed responsibility for the Company's decision to issue restatements for each of the first three quarters of 2004,

2

whether authored or received by that "single individual" or in which that "single individual" is discussed.

6. All documents concerning Federal Export Control Law including, without limitation, any and all efforts to oversee, monitor or manage compliance or non-compliance therewith and any internal or external audits performed in connection therewith during 2004.

7. All documents concerning Veeco's application to the United States Department of Commerce on April 30, 2004.

8. All documents concerning communications, whether written or oral, between Veeco, its directors and any outside or inside consultants, on the one hand, and the Company's technical engineering staff or any member thereof in connection with any requests for reclassification including, without limitation, any applications to the United States Department of Commerce.

9. All documents concerning complaints from employees of the Company, whether formal or informal, written or oral, regarding violations of Federal Export Control Law, or misconduct in the preparation and making of reclassification requests to the Department of Commerce or other federal officials.

10. All documents concerning overseas sales and shipments of products during the relevant period.

11. All documents concerning the Company's internal controls, whether accounting controls, internal reporting system or otherwise, including, without limitation, Veeco's efforts to institute, evaluate, oversee or monitor such controls.

12. All documents concerning any financial remuneration received by any of the directors and/or senior officers of Veeco including, without limitation, salary, stock, stock options, bonuses and director fees.

13. All documents concerning the scope and duties of the Board and any sub-committee thereof including, without limitation, any charters, certificates of incorporation and bylaws.

Dated: June 28, 2006                         WECHSLER HARWOOD LLP

By: _____
Robert I. Harwood (RH-3286)
Jennifer K. Hirsh
488 Madison Avenue
New York, NY 10022
(212) 935-7400

FARUQI & FARUQI LLP
Nadeem Faruqi
Shane T. Rowley
Beth Keller
320 East 39th Street
New York, NY
(212) 983-9330

GOLDMAN SCARLATO & KARON, P.C.
Brian D. Penny
101 West Elm Street
Conshohocken, PA 19428
(484) 342-0700

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
121 North Wayne Avenue
Wayne, PA 19087
(610) 225-2677

*Counsel for Derivative Plaintiffs*

4