# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.        :        Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                :
---------------------------------------------------- x
---------------------------------------------------- x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
---------------------------------------------------- x
```

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Orders, dated February 23, 2007, March 26, 2007 and June 1,

2007 and the Individual Practices of Judge McMahon, Lead Plaintiff Steelworkers Pension Trust

respectfully submits the attached proposed Jury Instructions.

Lead Plaintiff requests leave to submit revised or additional proposed instructions to

conform to any ruling that the Court may issue before or during the course of trial and the

evidence actually adduced at trial.


Dated: June 7, 2007                        BERGER & MONTAGUE, P.C.

                                   By:     _____
                                           Sherrie R. Savett
                                           Carole A. Broderick
                                           Phyllis M. Parker
                                           Jeffrey L. Osterwise
                                           1622 Locust Street
                                           Philadelphia, PA 19103
                                           Telephone: (215) 875-3000
                                           Facsimile: (215) 875-4674

                                           *Lead Counsel for Lead Plaintiff and the
                                           Class*

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**I.    PRE-TESTIMONIAL INSTRUCTIONS** ................................ 1

1.    INTRODUCTORY REMARKS ............................................. 1

2.    NOTE TAKING PERMITTED ............................................. 4

3.    NOTE TAKING NOT PERMITTED ....................................... 5

4.    THE PARTIES ........................................................... 6

5.    EVIDENCE .............................................................. 7

6.    DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................... 9

7.    BURDEN OF PROOF ..................................................... 10

8.    STIPULATIONS .......................................................... 11

**II.   POST-TESTIMONIAL INSTRUCTIONS** ............................... 12

9.    GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY ....... 12

10.   RULINGS DURING TRIAL ............................................... 13

11.   JURY SOLE JUDGES OF FACT ........................................... 14

12.   PREPONDERANCE OF THE EVIDENCE ................................... 15

13.   DIRECT AND CIRCUMSTANTIAL EVIDENCE AND INFERENCES .......... 17

14.   WEIGHT OF EVIDENCE AND NUMBER OF WITNESSES ................... 19

15.   INFERENCES ............................................................. 20

16.   SINGLE WITNESS ....................................................... 21

17.   FAILURE TO CALL AVAILABLE WITNESS ............................... 22

18.   CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY ......... 23

19.   CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENTS
       OR CONDUCT ........................................................... 24

20.   CREDIBILITY OF WITNESSES – BAD REPUTATION FOR

TRUTH AND VERACITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

21.     CREDIBILITY OF WITNESSES – BIAS AND INTEREST . . . . . . . . . . . . . . . . . . . 26

22.     SIMILAR ACTS – INTENT, KNOWLEDGE, ABSENCE OF MISTAKE . . . . . . . . . 27

23.     SIMILAR ACTS – COMMON SCHEME PLAN OR PREPARATION . . . . . . . . . . . 28

24.     OPINION EVIDENCE – EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

25.     DEPOSITIONS – USE AS EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

26.     CHARTS AND SUMMARIES – RECEIVED IN EVIDENCE . . . . . . . . . . . . . . . . . 31

27.     CHARTS AND SUMMARIES – NOT RECEIVED IN EVIDENCE . . . . . . . . . . . . . 32

28.     INTERROGATORIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

29.     REQUESTS FOR ADMISSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

20.     ADVERSE INFERENCE FROM FAILURE TO
        PRODUCE AVAILABLE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

31.     CORPORATE PARTY'S AGENTS AND EMPLOYEES . . . . . . . . . . . . . . . . . . . . . 30

32.     CLASS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

33.     PURPOSE OF FEDERAL SECURITIES LAWS . . . . . . . . . . . . . . . . . . . . . . . . . . 39

34.     THE FEDERAL STATUTE AT ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

35.     IMPLIED PRIVATE ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

36.     SECTION 10(b) AND RULE 10b-5 ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . 44

37.     MISREPRESENTATION OR OMISSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

38.     MATERIALITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

39.     SEC REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

40.     SCIENTER, INTENT TO DEFRAUD UNDER RULE 10b-5 . . . . . . . . . . . . . . . . . 48

41.     DUTY TO CORRECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

42.     NEITHER MOTIVE NOR INTENT TO VIOLATE THE LAW REQUIRED . . . . . . . 52

43.     RULE 10b-5 – RELIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

44.     INTERSTATE COMMERCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

45.     RULE 10b-5 – LOSS CAUSATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

46.     DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

47.     RULE 10b-5 – MEASURE OF DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

48.     CONTROL PERSON LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

49.     PREJUDGMENT INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

50.     APPOINTMENT OF RESPONSIBILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

III.    THE VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

51.     JURY PROCEDURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

## I.    PRE-TESTIMONIAL INSTRUCTIONS

Plaintiffs respectfully request that the Court charge the jury in accordance with the following instructions:

**INSTRUCTION NO. 1**
**INTRODUCTORY REMARKS**

Ladies and Gentlemen:

You now have been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses and tangible items including papers called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and

evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law. Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by

announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority:  Pattern Civ. Jury Instr. 11th Cir. PI Note 1 (2005).

## INSTRUCTION NO. 2
## NOTE TAKING PERMITTED

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted from the ongoing proceedings.  Also, your notes should be used only as aids to your memory; and if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

Authority:  Pattern Civ. Jury Instr. 11th Cir. PI Note 1 (2005).

4

## INSTRUCTION NO. 3
## NOTE TAKING NOT PERMITTED

A question sometimes arises as to whether individual members of the jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors <u>not</u> take notes during the trial. One of the reasons for having various persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may <u>not</u> have skill or experience in note taking and may not wish to do so.

Authority: Pattern Civ. Jury Instr. 11th Cir. PI Note 1 (2005).

## INSTRUCTION NO. 4
## THE PARTIES

The Plaintiffs who brought this suit are individuals and entities who invested in the securities of Veeco Instruments, Inc. The plaintiffs have brought this suit as a class action on behalf of themselves and all other purchasers of Veeco securities between April 24, 2004 and February 10, 2005. This group is the "Class" and the time period is the "Class Period." You should regard the Class's attorneys in this case as representing all persons and entities who purchased Veeco securities during the Class Period. It is estimated that there are several thousand members of the class, which includes not only individuals, but also institutions and other entities that purchased Veeco securities, including companies, mutual funds and pension and retirement plans.

The defendants in this case are Veeco Instruments, Inc., Edward H. Braun, Veeco's Chief Executive Officer (CEO) and Chairman of Veeco's Board of Directors; John F. Rein, Jr., Veeco's Chief Finnacial Officer (CFO), Executive Vice President and Secretary, and John P. Kiernan, Veeco's Corporate Controller (principal accounting officer) and Vice President of Finance. Throughout the trial you will hear them referred to collectively as "the Defendants."

6

## INSTRUCTION NO. 5
### EVIDENCE

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

3 Fed. Jury Prac. & Instr. § 101.40 (5th ed.)

## INSTRUCTION NO. 6
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority:  Model Civ. Jury Instr. 9th Cir. 1.9 (2007)

## INSTRUCTION NO. 7
## BURDEN OF PROOF

This is not a criminal case and the burden of proof is not proof beyond a reasonable doubt. It's a different burden here.  This is a civil case.  The plaintiffs have the burden of proving their case by what is called a preponderance of the evidence.  When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Authority: Fed. Civ. Jury Instr. 7th Cir. 1.27 (2005)(modified)

**INSTRUCTION NO. 8**
**STIPULATIONS**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[Read stipulations.]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

**II.    POST-TESTIMONIAL INSTRUCTIONS**

## INSTRUCTION NO. 9
## GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

—————

From 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.)

## INSTRUCTION NO. 10
## RULINGS DURING TRIAL

Testimony and exhibits can be admitted into evidence during a trial only if it meets

certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the

other side offers testimony or an exhibit that the lawyer believes is not properly admissible under

the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me

on the admissibility of the evidence being offered by the other side. You should not be influenced

against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you

should decide this case. I am simply making a ruling on a legal question.

3 Fed. Jury Prac. & Instr. § 102.71 (5th ed.)

## INSTRUCTION NO. 11
## JURY SOLE JUDGE OF FACT

I wish to caution you that you are the sole judges of the facts in this case. As I have said, I will give you the law which you must apply to this case, but you -- and only you -- must determine what the facts are. Your judgment of the facts should be your own unbiased judgment, uninfluenced by the Court except as you are bound to follow the law of the case as the Court gives it to you.

It will always be your recollection which will be binding. Counsel may have said in their argument that something is a fact. If that is not your recollection, disregard counsel's statement. If I say something that is not your recollection, disregard it. The jury makes all findings of fact.

## INSTRUCTION NO. 12
## PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiffs in a civil action, such as this, to prove the essential elements of their claim by a preponderance of the evidence. If the proof should fail to establish an essential element of plaintiffs' claim by a preponderance of the evidence in the case, then the jury should not find for the plaintiffs as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means that such evidence has more convincing force than the evidence offered in opposition to it, and, as a result, you believe that what the evidence was offered to prove is more likely true than not true.

Imagine the familiar figure of Justice as a blindfolded woman holding a scale. Next, imagine that during the trial the plaintiffs place their proof on one side of the scale, and the defendants place theirs on the other. If at the end of the trial as a result of the weight of the evidence, the scale tips in favor of plaintiffs on a matter for which they have the burden of proof, no matter how slightly, then plaintiffs have proven that matter by a "preponderance of the evidence." If, however, the scale tips in favor of defendants or is perfectly in balance on a matter for which plaintiffs have the burden of proof, then the plaintiffs have not proven that matter by a preponderance of the evidence. I would caution you that the term "weight of the evidence" refers to the quality of evidence and not to its quantity.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Those of you who have sat on criminal cases or watched them on television will have heard of proof beyond a reasonable doubt. That is not the standard or proof that applies to the case and you should therefore put it out of your mind. That is a stricter standard; it requires more proof than a preponderance of evidence, which is the

15

proper standard here.

In determining whether any fact or issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

3 Fed. Jury Prac. & Instr. § 104.01, § 104.03 (5th ed.).

**INSTRUCTION NO. 13**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE AND INFERENCES**

I told you that evidence comes in various forms such as the sworn testimony of witnesses and exhibits. There are, in addition, different kinds of evidence, direct evidence and circumstantial evidence.

Direct evidence is where a witness testifies about what he or she saw, heard or felt. In other words, when a witness testifies about what is known by the witness's own knowledge, by virtue of the witness's own senses, what he or she sees, touches or hears, that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by referring to other facts.

For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Also assume that the courtroom has no windows and you cannot look outside. As you are sitting here, someone walks in shaking an umbrella which is dripping wet. Somebody else then walks in with a raincoat which also is dripping wet.

Now, if there are no windows, you cannot look outside the courtroom, and you cannot see whether it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining outside.

Of course, not all circumstantial evidence presents such a clear compelling inference, and the strength of the inferences arising from other circumstantial evidence is for you to determine.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the non-existence of some other fact. Please bear in mind, however, that an inference is not to be drawn by guesswork

17

or speculation.

Circumstantial evidence is of no less value than direct evidence. For it is a general rule that the law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are in arriving at your verdict.

In their arguments, the attorneys have asked you to infer on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times different inferences can be drawn from facts whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence as I told you is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury is permitted to draw, but not required to draw, from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should use your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proved, such reasonable inferences as would be justified in light of your experience.

**Authority:**    Pattern Civ. Jury Instr. 5th Cir. 3.1 (2006)(modified); 4 L. Sand, *Modern Federal Jury Instructions* (2007), Instr. 74-2 and 75-1 (modified).

18

# INSTRUCTION NO. 14
## INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority: 3 Fed. Jury Prac. & Instr. § 104.20 (5th ed.)

19

## INSTRUCTION NO. 15
## WEIGHT OF EVIDENCE AND NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

—————————

Authority: 3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.).

## INSTRUCTION NO. 16
## SINGLE WITNESS

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

––––––––––––

Authority: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2006).

**INSTRUCTION NO. 17**
**FAILURE TO CALL AVAILABLE WITNESS**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Authority: 3 Fed. Jury Prac. & Instr. § 104.25 (5th ed.)

**INSTRUCTION NO. 18**
**CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such

23

weight, if any, as you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

---

3 Fed. Jury Prac. & Instr. § 105.01 (5th ed.)(modified)

### INSTRUCTION NO. 19
### CREDIBILITY OF WITNESSES – INCONSISTENT
### STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done some thing which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:**    3 Fed. Jury Prac. & Instr. § 105.04 (5th ed.)

25

## INSTRUCTION NO. 20
## CREDIBILITY OF WITNESSES – BAD REPUTATION
## FOR TRUTH AND VERACITY

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

**Authority:**    3 Fed. Jury Prac. & Instr. § 105.06 (5th ed.)

26

### INSTRUCTION NO. 21
### CREDIBILITY OF WITNESSES – BIAS AND INTEREST

In deciding whether to believe a witness, you should specifically note any evidence of that witness's hostility toward, or affection for, one of the parties. Likewise, you should consider evidence of any other interest or motive the witness may have in cooperating with a particular party, such as an important business relationship. In evaluating the credibility of the witnesses, you should also take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of the testimony.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**Authority:**    4 L. Sand, *Modern Federal Jury Instructions* (2003), Instr. 76-2 and 76-3 (modified).

27

**INSTRUCTION NO. 22**
**SIMILAR ACTS – INTENT, KNOWLEDGE, ABSENCE OF MISTAKE**

You have heard evidence tending to show that on a different occasion the Defendants engaged in conduct similar to the charges in the Complaint.

In that connection, let me caution you that the Defendant is not on trial for committing this act which is not alleged in the Complaint. Accordingly, you may not consider this evidence of the similar act as a substitute for proof of the conduct charged in the Complaint. Nor may you consider this evidence that the Defendant has a bad character. The evidence of the other similar act was admitted for a much more limited purpose, and you may only consider it for that limited purpose.

If you determine that the Defendants committed the acts charged in the Complaint and the similar acts as well, then you may, but you need not draw an inference that in doing the acts which are the subject of this trial, the Defendants acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because Defendants committed the other act, they must have also committed the acts charged in the Complaint.

Authority: 4 L. Sand, *Modern Federal Jury Instructions* (2003), Instr. 74-7

## INSTRUCTION NO. 23
## SIMILAR ACTS – COMMON SCHEME PLAN OR PREPARATION

There has been evidence received during the trial that plaintiff (or defendant) engaged in other conduct which was similar in nature to the conduct charged in the complaint (or counterclaim). If you f ind that the plaintiff did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the complaint, then you may, but need not, infer that, e.g., the acts charged in this complaint and the other conduct were part of a common plan or scheme committed by the plaintiff.

However, the evidence is to be considered by you only on the issue of common scheme (or plan or preparation). It may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the plaintiff is of bad character or had a propensity to commit the act charged.

Authority: 4 L. Sand, *Modern Federal Jury Instructions* (2003), Instr. 74-8

29

## INSTRUCTION NO. 24
## OPINION EVIDENCE – EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to "expert witnesses." An expert witnesses is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion. In this case, plaintiffs have offered the testimony of Dr. Feinstein as an expert on securities fraud damages and causation and matters relating to the securities markets and Mr. Berliner as an expert on accounting and accounting controls.

You should consider each expert's opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

---

3 Fed. Jury Prac. & Instr. § 104.40 (5th ed.)

## INSTRUCTION NO. 25
## DEPOSITIONS – USE AS EVIDENCE

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

---

3 Fed. Jury Prac. & Instr. § 105.02 (5th ed.).

Fed. R. Civ. P. 32(a).

## INSTRUCTION NO. 26
## CHARTS AND SUMMARIES – RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


Model Civ. Jury Instr. 9th Cir. 2.13 (2007)

**INSTRUCTION NO. 27**
**CHARTS AND SUMMARIES – NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Model Civ. Jury Instr. 9th Cir. 2.12 (2007)

## INSTRUCTION NO. 28
## INTERROGATORIES

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

Authority: 4 L. Sand, Modern Federal Jury Instructions (2003), Instr. 74-13.

## INSTRUCTION NO. 29
## REQUEST FOR ADMISSION

You have heard evidence in the form of certain "requests for admission" submitted by the Plaintiff. Requests for admission are written statements of fact submitted by one party prior to trial to the opposing party. The opposing party has a certain amount of time in which to respond to the requests, knowing that his failure to respond within that time will be deemed equivalent to his admitting the truth of the statements contained in the requests.

Since the Defendants failed to respond to the requests I have presented to you, you must assume the facts contained therein to be true. Therefore, in determining whether or not the Defendants are liable, you are not permitted to disregard or disbelieve the contents of these requests, even in light of any other evidence presented. The requests admitted in evidence are binding and conclusive on the Defendants for the purposes of this trial.

Authority: 4 L. Sand, Modern Federal Jury Instructions (2003), Instr. 74-15.

35

## INSTRUCTION NO. 30
## ADVERSE INFERENCE FROM FAILURE TO
## PRODUCE AVAILABLE EVIDENCE

If a party fails to produce evidence which is under his control and reasonably available to

him and not reasonably available to the adverse party, then you may infer that the evidence is

unfavorable to the party who could have produced it and did not.

_____

3 Fed. Jury Prac. & Instr. § 104.26 (5th ed.).

36

## INSTRUCTION NO. 31
## CORPORATE PARTY'S AGENTS AND EMPLOYEES

In weighing the evidence on Plaintiffs' claims, you will be called upon to draw conclusions about what Defendants knew or recklessly disregarded and reasonably should have known about certain matters and what Defendants did or reasonably should have done in certain circumstances. Defendant Veeco, however, is not a natural person. Veeco is a corporation, and you will be called upon to draw conclusions about the conduct and knowledge of this entity.

A corporation may act only though natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority designated to them by the corporation or within the scope of their duties as employees of the corporation. The law therefore holds a corporation responsible for the acts and omissions of its directors, employees, partners, and agents if those acts and omissions are authorized. By the same token, the knowledge of a corporation is the collective knowledge of its directors, employees, partners, and agents acting within the scope of their duties. If you find, therefore, that any of Veeco's directors, employees, partners, and agents violated the law, either individually or collectively, then you must find that Veeco violated the law.

_____

Authority: 3 Fed. Jury Prac. & Instr. § 103.031 (5th ed.).

37

### INSTRUCTION NO. 32
### CLASS ACTION

This type of action is known as a "class action," in which the named plaintiffs in this case represent themselves and a relatively large number of unnamed persons or entities who purchased securities if Veeco during the period April 24, 2005 through February 10. 2005.

A "class action" is a form of lawsuit designed to permit the claims of a large group of persons, too numerous to be individual participants, to be tried through an action by named plaintiffs, called "class representatives." Many persons and institutions bought Veeco securities during the Class period, and these class members are located throughout the United States. It would be impractical, if not impossible, to bring each of the class members physically to court. Thus, while you have seen Veeco's representatives here in court, you will not see and have not seen most of the holders of Veeco's securities who are part of the plaintiff class. Each of the claims made by the plaintiff personally is likewise made on behalf of each of the class members. Since this is a class action, you are to determine the liability of Defendants to the class, and the amount of damages sustained by the class as a whole. There is no requirement that any of the absent Plaintiffs or the members of the class come to court and testify.

This Court has already determined that the named plaintiffs in this case are typical of the class of investors which they represent, and you are instructed that in determining the claims of the class of investors, you are to consider the claims which have been advanced by these named plaintiffs. If the named plaintiffs succeed in proving the elements of their individual claims, then the claims of the plaintiff class will likewise be proven.

The fact that this is a class action should not influence your consideration of the facts and your verdict, nor should you draw any conclusions or reach any preconceptions by virtue of this being a class action.

Authority: Fed. R. Civ. P. 23; Blackie v. Barrack, 524 F.2d 891, 900-01 (9th Cir. 1975); Miller v. Mackey International, Inc., 452 F.2d 424, 427-28 (5th Cir. 1971); In re LTV Se. Litig., 88 F.R.D. 134, 137 (N.D. Tex. 1980); Wolgin v. Magic Marker Corp., 82 F.R.D. 168, 170 (E.D. Pa. 1979).

## INSTRUCTION NO. 33

## PURPOSE OF FEDERAL SECURITIES LAWS

The defendants are charged with violating provisions of the Securities Exchange Act of 1934. This law was passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities. When the United States Congress enacted the Securities Exchange Act of 1934, it recognized that an investment is different from the purchase of ordinary goods like vegetables bought in a grocery store, in that the average investor is not in a position to make personal investigation to determine the worth, quality and value of securities.

In connection with the sale of ordinary goods, you may have heard of "caveat emptor" or "let the buyer beware," where the seller may have no duty to inform the buyer of problems concerning the goods. By enacting the Securities Exchange Act of 1934, Congress determined that this doctrine does not apply to the sale of securities at all.

Congress passed the Securities Exchange Act of 1934 to ensure fair dealing and to outlaw deceptive and unfair practices by those selling or buying securities on the securities exchange. The Securities Exchange Act and the rules made by the S.E.C. to enforce it (such as Rule 10b-5) are designed to support the investor's expectations that the securities markets are free from fraud. Congress recognized that any deceptive or manipulative practices that hide or distort the facts available to the investing public undermine the function and purpose of a free market.

The federal securities laws are designed to support investor expectations that the securities markets are free from fraud. They are also meant to prevent a wide variety of devices and schemes that are contrary to a climate of fair dealing. They are intended to replace the philosophy of "buyer beware" with a policy of full, fair and accurate disclosure. Such disclosure is designed to enable the investing public to make realistic appraisals about the merits of stocks,

so that investors may make informed investment decisions. This is only possible if companies and their officers, directors and employees are prohibited from using manipulative or deceptive practices such as providing false or misleading information, withholding important information, or telling half-truths regarding a company's finances, operations, products or prospects. Such illegal practices prevent investors from making informed decisions regarding the purchase or sale of a stock, and undermine investor faith and confidence in the stock market since an investor normally believes that the price one pays for a stock is a fair and accurate reflection of its true value.

The plaintiffs' primary federal claims fall under separate provisions of the federal securities laws, which we will refer to as Section 10(b) and Rule 10b-5. These provisions are similar in that they prohibit the dissemination of documents which contain materially false or misleading information or which fail to disclose other material information necessary to judge that the information given is not misleading.

---

Adapted from 4 L. Sand, *Modern Federal Jury Instructions* (2003), Instr. No. 82-2 (2003) (hereinafter "Modern Federal Jury Instructions"); See also <u>Basic, Inc. v. Levinson</u>, 485 U.S. 224, 230-31, 234 (1988); *CompuDyne Corp. v. Shane*, 453 F.Supp.2d 807, 818-19 (S.D.N.Y. 2006).

**INSTRUCTION NO. 34**
**THE FEDERAL STATUTE AT ISSUE**

I will now read to you the portions of the federal securities law that the Class claims that

the defendants violated.

Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982),

provides in pertinent part as follows:

> It shall be unlawful for any person, directly or indirectly by the use
> of any means or instrumentality of interstate commerce or the
> mails, or any facility of any national security exchange -

* * *

> (B) To use or employ, in connection with the purchase or sale of
> any security registered on a national securities exchange or any
> security not so registered, any manipulative or deceptive device or
> contrivance in contravention of such rules and regulations as the
> [United States Securities and Exchange] Commission may
> prescribe as necessary or appropriate in the public interest or for
> the protection of investors.

The Securities and Exchange Commission has prescribed Rule 10b-5 as necessary and the

public interest to protect investors.  Rule 10b-5, 17 C.F. R. § 240.10b-5 (1986), has the force of

law and provides as follows:

> It shall be unlawful for any person, directly or indirectly by the use
> of any means or instrumentality of interstate commerce, or the
> mails, or any facility of any national securities exchange,
>
> (1)      to employ any device, scheme, or artifice and defraud,
>
> (2)      to make any untrue statement of a material fact or to omit to
> state a material fact necessary in order to make the statements
> made, in the light of the circumstances under which they were
> made, not misleading, or
>
> (3)      to engage in any act, practice, or course of business which

42

operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Section 20(a) (15 U.S.C.A. § 78t(a)) of the Securities Exchange Act provides that:

[e]very person who directly or indirectly, controls any person liable

under any provision of this chapter or any rule or regulation thereunder

shall also be liable jointly and severally with and to the same extent as

such controller person to any person to whom such controller person is

liable.

---

Authorities:  15 U.S.C. § 78j(b); 17 C.F. R. § 240.10b-5; 15 U.S.C.A. § 78t(a)

**INSTRUCTION NO. 35**
**IMPLIED PRIVATE ACTIONS**

Private lawsuits under the securities laws such as this class action are an important

enforcement mechanism to supplement governmental regulation of the markets for securities.

Public policy encourages such private lawsuits as enforcement devices to aid the public interest.

The United States Securities and Exchange Commission has only enough resources to prosecute

some of the violations.  The major objective of the securities laws is to protect investors.  This is

why private lawsuits have long been viewed as necessary to protect investors.  Thus the courts

recognize that implied private actions provide an essential tool for the enforcement of the

securities laws.

---

Herman & MacLean v. Huddleston, 459 U.S. 375, 382-384 (1983)(implying a right of action for
Section 10(b) fraud in registration statement; Ernst & Ernst v. Hochfelder, 425 U.S. 185, 196
(1976); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975); Basic, Inc. v. Levinson,
485 U.S. 224 (1988); Mills v. Electric Autolite Co., 396 U.S. 375 (1970).

**INSTRUCTION NO. 36**
**SECTION 10(b) AND RULE 10b-5 ELEMENTS**

To Prove a primary violation under Section 10(b), plaintiffs must establish, by a

preponderance of the evidence, each of the five following elements:

(1)    that in connection with the purchase or sale of a security that the defendant (a)

made an untrue statement of a material fact or failed to state a material fact that

was necessary to prevent the statements that were made from being misleading

under the circumstances; or (b) failed to later correct and untrue statement of a

material fact or failed to state a material fact that was necessary to prevent the

statements that were made from being misleading under the circumstances.

(2)    that the defendant acted with scienter, meaning knowingly or recklessly;

(3)    that plaintiffs relied on the misrepresentation or omission;

(4)    that the defendant used an instrumentality of interstate commerce in connection

with the purchase or sale of securities to plaintiffs; and

(5)    that plaintiffs suffered damages as a result of the defendant's conduct.

_____

Authorities: ABA Model Jury Instructions, Securities Litigation, § 4.02 (2000); 15 U.S.C. §
78j(b); Basic Inc. v. Levinson, 485 U.S. 224, 108 S. Ct. 978, 992 n. 27 (1988); Ernst & Ernst v.
Hochfelder, 425 U.S. 185, 191 (1976); *Overton v. Todman & Co., CPAs, P.C.*, 478 F.3d 479,
483-88 (2d Cir. 2007); Koehler v. Bank of Bermuda (New York), Ltd., 209 F.3d 130, 136 (2d
Cir.), opinion amended, 229 F.3d 424 (2d Cir.2000).

**INSTRUCTION NO. 37**
**MISREPRESENTATION OR OMISSION**

As I have indicated, a common thread running through securities laws is the replacement of the philosophy of "buyer beware" with a philosophy of full and accurate disclosure. In order to prevail on any of their claims, plaintiffs will have to establish that a material fact was misrepresented or omitted in connection with the purchase or sale of Veeco securities.

A misrepresentation is a statement that was false or misleading when it was made.

An omission is a failure to disclose a material fact that needed to be disclosed to keep the statements that were actually made from being misleading. An omission focuses on what was not said rather than what was said.

In determining whether a statement was false or misleading, you must evaluate the statement at the time it was made.

Plaintiffs need only prove one misrepresentation or one omission for you to find that the "misrepresentation or omission" element has been satisfied.

---

Authorities: ABA Model Jury Instructions, Securities Litigation, §§ 2.03[1], 4.02[2]; *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983); *Madison Consultants v. FDIC*, 710 F.2d 57, 62 (2d Cir. 1983).

# INSTRUCTION NO. 38
# MATERIALITY

In considering whether a misrepresentation or omission is material, you are to apply the following standard: An omitted fact or a misrepresented fact is material if it would be considered significant to the decision of a reasonable investor. Stated another way, in deciding the question of materiality, you are to focus on whether the information that was falsely stated or withheld was the kind of information that a reasonable investor would want to know before deciding whether or not to purchase the securities. All that the materiality question asks is whether, under all the circumstances, the omitted or misrepresented fact would have assumed significance in the deliberations of a reasonable prospective investor.

Also, even if taken by itself, a misleading statement or omission is not material, you may still find that the Class has satisfied this element if that misleading statement or omission, taken together with other misleading statements or omissions, would have made a difference to a reasonable investor. Misrepresentations and omissions are material when they, considered together and in context, would affect the total mix of information available to investors. In other words, misleading statements and omissions of fact that are not material standing alone may be material collectively when considered together.

-------

Authorities: Basic, Inc. v. Levinson, 485 U.S. 224 (1988); TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976); Halperin v. eBanker USA.com, Inc., 295 F.3d 352, 357 (2d Cir. 2002); In re American Bank Notes Holographics, Inc. Sec. Litig., 93 F.Supp.2d 424, 442 (S.D.N.Y. 2000).

### INSTRUCTION NO. 39
### SEC REVIEW

During the trial, you may have noticed that there was no reference to a review of Veeco's conduct by the SEC. Whether or not the SEC reviewed Veeco's Class Period conduct should not have any effect on your conclusions based on the documents and evidence presented in this case.

## INSTRUCTION NO. 40
## SCIENTER, INTENT TO DEFRAUD UNDER RULE 10b-5

The second element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendants acted with scienter, meaning that they either knew that their statements were false or misleading, or that Defendants acted with reckless disregard as to whether the statements were false or misleading.

Also, with regard to omissions, the Plaintiffs must prove by a preponderance of the evidence that the Defendants either knew the omitted statements were material and intentionally omitted them, or that the Defendants acted with reckless disregard in omitting material statements.

Knowingly means to act intentionally and deliberately, rather than negligently, mistakenly or inadvertently. Knowledge may be established either by direct or circumstantial evidence. If it appears that a certain condition has existed and that the Defendants had the regular opportunity to observe that condition, then you may draw the inference that Defendants had knowledge of the condition.

Reckless conduct is highly unreasonable conduct involving an extreme departure from the standards of ordinary care, and which presents a danger of misleading that is either known to the Defendants, or is so obvious that the actor must have been aware of it. Recklessness may be established by a showing of carelessness approaching indifference, or by showing that a statement was made with no regard for, and with a conscious purpose to avoid learning of the truth or falsity of a statement. Among other things, a person acts recklessly if the person had reasonable grounds to believe material facts existed that were misstated or omitted, but

49

nonetheless failed to obtain and disclose such facts although he could have done so without extraordinary effort.

Reckless conduct could include, for example, a deliberate closing of the eyes, or turning of the back to the obvious; acting with a conscious purpose to avoid learning the truth; a gross refusal to investigate the doubtful or suspicious; or more generally, any denial of knowledge of certain facts by one who has such knowledge. Lack of an adequate belief in the truth or completeness of a representation constitutes recklessness.

In the context of securities law, a person acts recklessly if he, she or it makes a false statement with a reckless disregard for whether it is true or false. It is not necessary for you to find that the Defendants intended to injure the plaintiff shareholders. But the plaintiff must prove that the Defendants acted in reckless disregard of a risk of whether there was a truthful basis for its representations or in the case of an omission, that it recklessly disregarded the material nature of those omissions.

The question of whether the Defendants by their employees acted knowingly or with reckless disregard is a question of fact for you to determine, like any other fact question.

Direct proof of state of mind or scienter is almost never available, and is not required. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, it is the plaintiffs' burden to prove all of the elements by a preponderance of the evidence.

I instructed you earlier that Veeco, as a corporation, can act only through its directors, officers, employees and agents. Likewise, for purposes of the required state of mind, Veeco's knowledge or recklessness can only be described as a knowledge or recklessness of its directors, officers, employees and agents. Therefore, Veeco can be found to act with the required state of

50

mind or scienter with respect to a misleading statement or material omission if any of its directors, officers, employees or agents knew that the statement was misleading or omitted material information, or were reckless as to its truth or falsity.  In other words, if officers or employees of Veeco, even if they are not defendants, knew of material misrepresentations or omissions, you can find that the company acted with scienter.  In addition, if no single person knew of the misleading statement or material omission, you may still find that Veeco acted with the required state of mind if the knowledge of all its officers, directors, employees or agents together showed that they knew of the misleading statement or omission, or acted recklessly.

If you find that a Defendant knew of or recklessly disregarded facts which should have been disclosed, you may consider that scienter has been proven as to that Defendant.

**Authority:**    Ernst & Ernst v. Hochfelder, 425 U.S. 185, 206 (1976); *Novak v. Kasaks,* 216 F.3d 300, 308 (2d Cir. 2000), *Chill v. General Elec. Co.*, 101 F.3d 263, 269 (2d Cir. 1996); *In re Oxford Health Plans, Inc. Sec. Litig.*, 51 F.Supp.2d 290, 294 (S.D.N.Y. 1999); *In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F.Supp.2d 474, 497 (S.D.N.Y. 2004); 3B Fed. Jury Prac. & Instr. § 162.232 (5th ed.).

## INSTRUCTION NO. 41
## DUTY TO CORRECT

You may also find that the defendants violated the federal securities law if you determine

that defendants failed to correct a public statement, including statements made in public filings

with the SEC, that was later shown to be false.

A defendant has a duty to correct a misrepresentation when he:

(1) makes a statement that was false or misleading when made;

(2) subsequently learns or was reckless in not learning that the earlier

statement was false or misleading; and

 (3) knows or should know that potential investors are relying on the false or misleading

statement when making their investment decisions.

Under those circumstances, if defendant fails to take reasonable steps to correct his

misrepresentation, he becomes liable for a misleading omission under § 10(b) and Rule 10b-5,

assuming all the other components of liability are present.


*Overton v. Todman & Co., CPAs, P.C.*, 478 F.3d 479, 483-88 (2d Cir. 2007).

## INSTRUCTION NO. 42
## NEITHER MOTIVE NOR INTENT TO VIOLATE THE LAW REQUIRED

In elaborating a bit further on the meaning of "scienter," I will instruct you as to what plaintiffs are <u>not</u> required to show in order to satisfy their burden on this element.

Plaintiffs need not show any particular motive for any defendant's wrongful conduct, though you may consider any evidence of such motive in your deliberations. Plaintiffs are not required to show, for example, that the defendant was a wicked person with designs to profit personally Also, it is not necessary that the defendant intended to injure the plaintiff.

"Scienter" refers to one's knowledge or recklessness, not to one's purpose.

---

*Novak v. Kasaks,* 216 F.3d 300, 307 (2d Cir. 2000); *In re Nortel Networks Corp. Sec. Litig.,* 238 F.Supp.2d 613, 630 (S.D.N.Y. 2003); <u>Ochs v. Shearson Lehman Hutton, Inc.,</u> 768 F. Supp. 418, 427 (S.D.N.Y. 1991).

## INSTRUCTION NO. 43
## RULE 10b-5 - RELIANCE

The third element of plaintiffs' claim under Rule 10b-5 requires proof that the plaintiffs relied upon the alleged misrepresentations or omissions and that they were justified in doing so.

In order to prove reliance, plaintiffs need not show that they relied directly on a given misstatement or omission. Where securities are traded in an efficient market, such as the National Association of Securities Dealers Association Quotal-System or "NASDAQ", individual investors rely on the market price of the security as a fair reflection of all material public information about that security. In this case, the parties do not dispute that Veeco securities were traded in an efficient market. Thus, if you find that a defendant is responsible for a material misstatement or omission, you should presume that the misstatement or lack of disclosure affected the price of the Veeco securities and that plaintiffs and the class members relied on it.

Quite simply, this means that if a stock trades in an open and developed market, then the law will presume that the Class "relied" upon the defendants' misleading statements and material omissions. Since there is no dispute that Veeco securities traded in an open and developed market, I instruct you to find that the Class relied upon the material misrepresentations and omissions made by the defendants.

---

Basic, Inc. v. Levinson, 485 U.S. 224 (1988); TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976); In re Harcourt Brace Jovanovich, Inc. Sec. Litig., 838 F.Supp. 109, 112 (S.D.N.Y. 1993).

54

## INSTRUCTION NO. 44
## INTERSTATE COMMERCE

To find the fourth element in finding a violation of the federal securities laws, you must find that the means and instrumentalities of interstate commerce were involved. The means and instrumentalities of interstate commerce include the mails, telephone, telegraph, the interstate highway system, and similar methods of communication and travel from one state to another within the United States.

It is not necessary that any material misrepresentation or omission occur while defendants used the instrumentalities of interstate commerce. All that is required is that the instrumentalities of interstate commerce were in fact used during some phase of the purchase or sale of the securities. Instrumentalities of interstate commerce need not have been used to convey the material misrepresentation or omission. It is not disputed that instrumentalities of interstate commerce were used in this case.

ABA Model Jury Instructions, Securities Litigation, § 1.09 (2000).

55

**INSTRUCTION NO. 45**
**RULE 10b-5 DAMAGES - LOSS CAUSATION**

With respect to the fifth element under Rule 10b-5, the plaintiffs are required to prove by the preponderance of the evidence that they suffered damages as a proximate result of the alleged misrepresentations or omissions. In other words, plaintiffs must show that the alleged misrepresentation or omission played a substantial part in bringing about or causing the damage suffered by plaintiffs and that the damage was either a direct result or a reasonably foreseeable result of the alleged misleading statements or material omissions.

The Plaintiffs contend that the allegedly false and misleading statements, and failure to correct those statements, caused Veeco's securities to sell at higher prices in the open market than they would have sold if the statements had been accurate. They also contend that when the market found out the truth, the price of Veeco's securities went down, causing damage to plaintiffs and the class members. The Plaintiffs contend that if the statements had been accurate and the investing public had been made aware of Veeco's true financial condition, the price of Veeco's securities during the Class Period would have been lower.

Market responses, such as stock downturns, are often the result of many different, complex, and often unknowable factors. Therefore, the Plaintiffs need not show that the Defendants' acts were the only cause of the injury they suffered. The Plaintiffs need only show that defendants' misrepresentations and omissions were a significant contributing cause of the stock price going down.

If it is not possible to decide on the exact amount of damages, it makes no difference. It will be enough if the evidence shows the extent of damages as a matter of just and reasonable inference, although the result be only approximate.

**Authority:**    Dura Pharmaceuticals, Inc. v. Broudo, 125 S. Ct. 1627 (2005); U.S. Affiliated Ute

<u>Citizens v. United States</u>, 406 U.S. 128, 153-54 (1972); <u>Lentell v. Merrill Lynch & Co., Inc.</u>, 396 F.3d at 161, 173 (2d Cir. 2005); <u>In re Winstar Commc'ns</u>, 2006 WL 473885, at *13 (S.D.N.Y. Feb. 27, 2006).

### INSTRUCTION NO. 46
### DAMAGES

The plaintiff bears the burden of proving its damages by a preponderance of the evidence.
If you find that the plaintiff has met this burden and you decide to award damages, you should
specify the total amount by which the Defendants' unlawful conduct artificially increased the
price of Veeco securities purchased during and held throughout the class period as compared to
the price of that stock after the truth was revealed. As I advised you, the Class Period is from
April 24, 2004 to February 10, 2005.

In this case, if you find that Defendants are liable under Section 10(b) and Rule 10b-5, the
law permits you to make a reasonable estimate of the damages suffered by the Plaintiff and the
Class, based on all the relevant evidence which has been placed before you either in the form of
documents or testimony.

In this respect, you should award to the Plaintiffs and the Class an amount of money
shown, by a preponderance of the evidence, to be fair and adequate compensation for each such
plaintiff's loss or damage as a result of the Defendants' wrongful conduct based on the rules I
have given you.

If you find that Defendants committed a violation of the securities laws which made the
stock ultimately go down, but due to the nature of their misconduct you cannot tell the exact
amount of loss caused by defendants' misconduct, you are entitled to make a just and reasonable
estimate of damages based on the relevant data as you see it. Damages do not need to be proven
to a mathematical certainty. But your determination must be based on the rules I have given you.

**Authority:**    Dura Pharmaceuticals, Inc., 125 S. Ct. 1627 (2005); Rowe v. Maremont Corp.,
850 F.2d 1226, 1243 (7th Cir. 1988); Feldman v. Pioneer Petroleum, Inc., 813 F.2d 296, 301
(10th Cir. 1987); Mihara v. Dean Witter & Co., 619 F.2d 814, 824 (9th Cir. 1980); Meyers v.
Moody, 693 F.2d 1196, 1215 (5th Cir. 1982); In re Prudential Ins. Co. Sales Practices Litig., 962
F. Supp. 450, 517 n.46 (D.N.J. 1997); 15 U.S.C. § 78u-4(b)4.

## INSTRUCTION NO. 47
## RULE 10b-5 – MEASURE OF DAMAGES

I will now instruct you concerning the proper measure of damages under Rule 10b-5. In this type of case, the law permits you to make a reasonable estimate of the damages suffered by Plaintiff and the Class, based upon all of the relevant data which has been placed before you, either in the form of documents or oral testimony.

In lawsuits such as this one, damages are computed according to the "out-of-pocket" rule. Under this rule, damages are the difference between the price paid for the stock by the class members and the amount that defendants' false misleading statements caused the stock price to go down. As I instructed you before, you may refer to and rely upon the expert testimony on this issue, weighing for yourselves the force of the testimony of the different experts to determine an appropriate method for calculating damages and an actual damage amount.

The Plaintiffs have provided testimony as to the damages suffered by the Class if you find that the Defendants violated Section 10(b). You have heard testimony as to what the prices of Veeco securities in question were during the Class Period and you have heard expert testimony as to when all the material facts became generally available to the investing public, what the price of Veeco securities were at that time, and what the total damages suffered by the Class or what the damages would be for each Class member depending on when he bought and sold the stock, might be. If you find the Defendants violated Section 10(b) and Rule 10b-5, you must then decide whether the Class is entitled to an award of monetary damages and, if so, the amount of damages to be awarded to the Plaintiff Class.

**Authority:**    Randall v. Loftsgaarden, 478 U.S. 647 (1986); Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 155 (1972); Elkind v. Liggett & Myers, Inc., 635 F.2d 156, 168 (2d Cir.1980); Sharp v. Coopers & Lybrand, 649 F.2d 175, 190 (3d Cir. 1981); Thomas v. Duralite

<u>Co., Inc.</u>, 524 F.2d 577, 586 (3d Cir. 1975).

## INSTRUCTION NO. 48
## CONTROL PERSON LIABILITY

As I explained earlier, Plaintiffs claim that Defendants are directly liable for violations of Section 10(b) of the Exchange Act and Rule 10b-5. In addition, Plaintiffs contend, as a second basis for liability, that the Individual Defendants are liable because they were in a position of control and authority over Veeco.

To prevail on its control person claims against an Individual Defendant, the Plaintiffs must prove (1) that there was a primary Rule 10b-5 violation, that is that Veeco made materially misleading statements or omissions; and (2) that the Individual Defendant controlled the Company. I will now explain each of these elements.

First, the Plaintiffs must prove by a preponderance of the evidence that the Company violated Rule 10b-5. I have already explained what the Plaintiffs must prove to demonstrate a Rule 10b-5 violation.

Second, the Plaintiffs must prove that the Individual Defendants controlled the Company which was the primary violator. To prove control, Plaintiffs must first prove that the individual Defendants had actual authority to influence and direct the activities of the primary wrongdoer or, in other words, that they exercised actual control over the transaction in question.

The question is whether any individual Defendant's position gave him access to the adverse information and whether he had the ability to direct the contents of public statements, including SEC filings.

Control may be shown by the individual Defendant's official status, knowledge of the subjects of which the alleged misstatements and omissions concerned, that he read and executed Veeco public filings, and his role as company spokesman.

You have heard evidence of Mr. Braun's as Chief Executive Officer and Chairman of the

Board of Directors of Veeco. Mr. Rein was the Chief Financial Officer, the person responsible

for financial affairs and reporting at Veeco, as well as the Executive Vice President and Secretary

of Veeco.  Mr. Kiernan was Veeco's Corporate Controller, or principal accounting officer, and

Vice President of Finance.  Finally, Mr. Weiss was the Vice President and General Manager of

Veeco's Asia/Pacific region. You have also heard all four defendants had access to internal

Company documents, reports and other information and attended management and/or Board of

Directors' meetings.

You must decide whether, by virtue of these facts or other facts, the defendants possessed

the power or potential power to direct or cause the direction of the management and policies of

Veeco.

If you find that the Company's Forms10-Q, for the first three quarters of 2004 were

materially false or misleading, you should consider whether the defendants participated in the

preparation and issuance of those documents or statements or knew the truth but allowed the

false statements to be issued anyway.  If you conclude that any of these defendants satisfies this

test, and that he did not act in good faith, you should then find that he is a "controlling person" of

Veeco and you must find that he is liable for violations of Section 10(b) as a controlling person.

---

17 C.F.R. §§ 230.405, 240.12b-2; SEC v. First Jersey Secs., Inc., 101 F.3d
1450, 1472--3 (2d Cir. 1996); Rochez Bros. Inc. v. Rhoades, 527 F.2d 891 (3d Cir. 1975), cert.
denied, 425 U.S. 993 (1976).

**INSTRUCTION NO. 49**
**PREJUDGMENT INTEREST**

If you find in favor of the Class on any or all of their claims under the Securities

Exchange Act of 1934, then you must decide whether the Class is entitled to prejudgment

interest. This interest would be for the purposes of compensating the Class for the loss of use of

their money between the time that they were damaged and the time of the verdict.

Under the federal securities laws, an award of prejudgment interest is generally available

to compensate the injured party for being deprived of the monetary value of his or her loss from

the time of the loss to the entry of the judgment. It is a matter of discretion based on

considerations of fairness. If you find in favor of the Class, you must determine (1) whether an

award of prejudgment interest would serve to compensate the injured party, and (2) whether it

would be fair or equitable to grant prejudgment interest to the Class.

Among the considerations that you may take into account is the length of time, or delay,

involved in between the transactions complained of and the time of the award of damages. Here,

it has been approximately three (3) years since the Class' injuries, namely, the time when they

purchased their shares and sustained monetary losses or damages. The basic considerations are

compensation and fairness.

If, after consideration of all that you have seen and heard by way of evidence in this case,

you believe that an award of prejudgment interest would serve to compensate the Class and

would be fair, then you should so find. Prejudgment interest is intended to compensate the Class

for the loss of the use of their money.

If you find that the Class should receive prejudgment interest, you need not do the

mathematical calculations.  You need only advise the court as to the date or dates from which

you, in your discretion, have determined that such interest should run and on what amounts.  The

actual calculations will be done by the Clerk.

---

Oesternick v. Ernst & Whinney, 489 U.S. 169 (1989); Rolf v. Blyth, Eastman  Dillion & Co.,
Inc., 637 F.2d 77, 86-7 (2d Cir. 1980); Norte & Co. v. Huffines, 416 F.2d 1189, 1191 (2d Cir.
1969), *cert. denied sub nom*, Muscat v. Norte & Co., 397 U.S. 989, 90 S. Ct., 1121 (1170);
S.E.C. v. Musella, 748 F. Supp. 1028, 1042-43 (S.D.N.Y., 1989); S.E.C. v. Tome, 638 F. Supp.
638, 639 (S.D.N.Y. 1986), *aff'd*, 833 F.2d 1086 (2d Cir. 1987); Quintel Corp. N.V. v. Citibank,
N.A., 606 F. Supp. 898, 914 (S.D.N.Y. 1985); Ruseman v. Orion Research, Inc., 749 F.2d 915,
921-22 (1st Cir. 1984); Backman v. Polaroid Corp., 677 F. Supp. 50, 50-51 (D. Mass., 1987).

## INSTRUCTION NO. 50
## APPOINTMENT OF RESPONSIBILITY

On the verdict form you will be provided, it will be necessary for you to indicate whether, if the Defendants are liable, liability is based on knowing or reckless conduct. For the Defendants who knowingly issued false statements, no percentage allocations are needed. If you determine that a Defendant's wrongful conduct was reckless but not knowing, you must also determine the percentage of responsibility of the Defendant, measured as a percentage of the total fault of all persons who caused or contributed to the losses incurred by the Class. In determining a Defendant's percentage of responsibility, you are to consider (1) the nature of that Defendant's conduct and (2) the nature and extent of the causal relationship between the conduct of each other responsible person and the damages incurred by the Class.

**Authority:**    15 U.S.C. § 78u-4(f)(3); In re Cendant Corp. Sec. Litig., 264 F.3d 201, 238 (3d Cir. 2001).

**C.    THE VERDICT**

**INSTRUCTION NO. 51**
**JURY PROCEDURES**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will

preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room

and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have

considered all the evidence, discussed it fully with the other jurors, and listened to the views of

the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.

But do not make a decision simply because other jurors think it is right, or simply to reach a

verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the

truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a

note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as

possible either in writing or orally in open court. Remember that you should not tell

anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have

given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is

intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [READ FORM]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

---

3 Fed. Jury Prac. & Instr. § 103.50 (5th ed.)