## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

In re VEECO INSTRUMENTS INC.   :  Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION      :
                :

------------------------------------------------- x
------------------------------------------------- x

THIS DOCUMENT RELATES TO   :
ALL ACTIONS          :
                :

------------------------------------------------- x

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of August 16, 2007, is made and entered into by and among (i) Lead Plaintiff Steelworkers Pension Trust ("Lead Plaintiff") on behalf of itself, the Class (as defined in Paragraph A.5 below) and all Class Members (as defined in Paragraph A.6 below) (collectively, "Plaintiffs") and (ii) Defendants Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr., John P. Kiernan, and R. Michael Weiss (collectively, "Defendants") by and through their attorneys.  Plaintiffs and Defendants shall each be referred to individually herein as a "Party" and collectively herein as the "Parties." The settlement and compromise of the Action as provided for herein (the "Settlement") is contingent upon approval of this Stipulation by the United States District Court for the Southern District of New York, and the occurrence of the Effective Date (as defined below).

**WHEREAS,**

I.   The Action was commenced on February 15, 2005 by the filing of a complaint in the Southern District of New York captioned *L.I.S.T., Inc. v. Veeco Instruments Inc., Edward H. Braun and John F. Rein, Jr.*, C.A. No. 7:05-2189;

II.   Additional complaints were filed thereafter in both the Eastern District of New York and the Southern District of New York.  The cases filed in the Eastern District of New

1

York were: *McIntosh v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-889; *Linzer v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-957; *Kantor v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-967; *Walker v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-1003; *Collins v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-1277; *Holthuizen v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-1337; *Vogt v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-1430 and *Grove v. Veeco Instruments Inc., et al.,* C.A. No. 2:05-1552. The cases filed in the Southern District of New York were: *L.I.S.T., Inc. v. Veeco Instruments Inc., et al.,* C.A. No. 7:05-2189 and *Kershaw v. Veeco Instruments Inc., et al.,* C.A. No. 7:05-2929;

     III.    By Order of the Honorable William Terrell Hodges on behalf of the Judicial Panel on Multidistrict Litigation dated August 22, 2005, all of the cases then filed in the Eastern District of New York were transferred to the Southern District of New York and assigned to the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings with the cases then filed in the Southern District of New York;

     IV.    By Order dated October 12, 2005, the Court appointed Steelworkers Pension Trust as Lead Plaintiff and Berger & Montague, P.C. as Lead Counsel for the Class;

     V.    The Consolidated Amended Class Action Complaint filed on November 7, 2005 by Lead Plaintiff Steelworkers Pension Trust (the "Complaint"), which supersedes all prior complaints filed in the Action, alleges claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq., and names additional Defendants John P. Kiernan and R. Michael Weiss;

     VI.    By Order dated March 21, 2006, the Court sustained in part and denied in part Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint. By Order

dated April 12, 2006, the Court denied Defendants' Motion for Partial Reconsideration of the Court's March 21, 2006 Order denying Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint;

VII.    By Order dated March 21, 2006, the Court (i) determined that the Action should be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class consisting all Persons who purchased the securities of Veeco Instruments Inc., during the period between April 26, 2004 and February 10, 2005 inclusive and were damaged as a result thereof, excluding from the class Defendants, members of the immediate family of each of the individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person; (ii) certified Steelworkers Pension Trust as class representative pursuant to Rule 23; and (iii) appointed Berger & Montague, P.C. as class counsel pursuant to Rule 23;

VIII.    On April 10, 2006, Defendants answered the Consolidated Amended Class Action Complaint, denying all allegations of liability therein, asserting affirmative defenses thereto, and demanding judgment on the merits dismissing the Complaint;

IX.    On May 15, 2007, the Court approved the form and contents of a proposed Notice of Pendency of Class Actions (the "Initial Notice") and the proposed Summary Notice of Pendency of Class Actions (the "Initial Summary Notice"), directed that copies of the Initial Notice be mailed to Members of the Class who could be identified with reasonable effort, and directed that the Initial Summary Notice be published once in *The Wall Street Journal*;

X.      Heffler, Radetich & Saitta LLP, the Notice Administrator designated by Plaintiffs' Counsel, disseminated a total of 11,390 copies of the Initial Notice on June 1, 2007, and published the Initial Summary Notice in the national edition of *The Wall Street Journal* on June 8, 2007. Harold P. Houser, who asserts that he purchased shares of Veeco stock on June 7, 2004 at an aggregate cost of $2,603, and Dixie E. Snider and Frances F. Snider, who assert that they purchased 100 shares of Veeco stock on December 10, 2004, requested exclusion from the Class. No other requests for exclusion were received. *See* Exhibit A, Affidavit of Edward T. Sincavage, C.P.A. Regarding Dissemination of Notice to the Class;

XI.     On June 28, 2007, the Court issued a Memorandum and Decision on Motions *In Limine* in which the Court ruled that Members of the Class who purchased Veeco stock during the Class Period and who either sold those shares at a profit after the Class Period or retained those shares past the point when the price of Veeco stock first recovered to the price at which those shares were purchased were not damaged;

XII.    The Parties were prepared to go to trial in this Action, having submitted a comprehensive Pretrial Order to the Court on June 6, 2007, and having participated in the final pretrial conference with the Honorable Colleen McMahon on June 28, 2007. Trial was scheduled to commence in the Action on July 9, 2007. However, the Settlement was reached before the trial began;

XIII.   Lead Plaintiff conducted pre- and post-filing investigations as well as extensive discovery relating to its claims and the underlying events and transactions alleged in the Complaint, including, among other things, inspection, review and analysis of hundreds of thousands of pages of documents produced by Defendants and numerous non-parties. Lead Plaintiff also conducted depositions of current and former Veeco employees and executives and

of non-parties, including Veeco's auditors, and received responses to interrogatories and requests for admission served upon Defendants. Lead Plaintiff also received reports from its accounting and damages experts. All of the foregoing, in Lead Plaintiff's judgment, has provided an adequate and satisfactory basis for the evaluation of and agreement to the Settlement described herein;

XIV.    While continuing to believe that the claims alleged in the Complaint are meritorious, Lead Plaintiff recognizes the expense, risks and uncertain outcome of any litigation and trial, and subsequent appeals. This is especially true in a complex action such as this one with its inherent difficulties and the delays which would inevitably result from trial and appeal(s). Lead Plaintiff has engaged in intensive arm's-length negotiations with Defendants concerning the settlement of Lead Plaintiff's and Class Members' claims against Defendants, including mediation before the Honorable Nicholas H. Politan, and Lead Plaintiff, on behalf of itself and all Members of the Class, desires to settle the claims against Defendants in this Action on the terms and conditions hereafter set forth and deems said Settlement to be fair, reasonable, adequate and in the best interests of the Class Members; and

XV.    The Defendants in this Action have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Lead Plaintiff and the Class; deny that they engaged in any wrongdoing; deny that they committed any violation of law; deny that they have committed any act or omission giving rise to any liability and/or violation of law; and deny that they have acted improperly in any way. Defendants believe that the Complaint lacks merit. Had this Stipulation not been reached, Defendants would have continued to resist vigorously the Plaintiffs' claims and contentions and would have continued to assert their defenses thereto. The Defendants have entered into this Stipulation to put the Settled Claims (as defined below) to rest

5

finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way that they caused any damage to Lead Plaintiff and the Class or any fault, wrongdoing or liability whatsoever. It is understood and agreed that nothing contained herein shall be interpreted as an admission of any wrongdoing by the Defendants. Neither the settlement nor any of its terms, nor any of the settlement negotiations, disclosures, or proceedings relating thereto, shall constitute an admission or finding of wrongful conduct, acts or omissions, or shall be used for any purpose in any subsequent proceedings in any forum provided, however, that nothing in this Stipulation shall bar any action or claim by Plaintiffs to enforce the terms of this Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, between Plaintiffs and Defendants, by and through their respective attorneys, that this Action shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions set forth herein.

## A.    DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below; other terms are defined elsewhere in this Stipulation.

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Veeco" or the "Company" means Veeco Instruments Inc. and each of its current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, attorneys, insurers and associates, and all of their respective predecessors, successors, assigns, agents, representatives, heirs, executors and administrators.

6

3.    "Claimant" means any Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

4.    "Claims Administrator" means Heffler, Radetich & Saitta LLP, the firm retained by Plaintiff's Lead Counsel to supervise and administer the giving of notice as well as the processing of claims in connection with the Settlement and distribution to Authorized Claimants.

5.    "Class" is defined as, subject to the Court's approval of the Preliminary Approval Order, all Persons who purchased the securities of Veeco Instruments Inc., during the period between April 26, 2004 and February 10, 2005 inclusive, excluding from the Class Defendants, members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person. The Class shall consist of all Members of the Class except those persons who submit valid and timely requests for exclusion in accordance with the Court's preliminary approval order concerning this Stipulation ("Preliminary Approval Order"), substantially in the form of Exhibit B hereto, or who previously made a timely and valid request for exclusion.

6.    "Class Member" or "Member of the Class" means a Person who or which falls within the definition of "Class."

7.    "Class Period" means the period from April 26, 2004 through February 10, 2005, inclusive.

8.    "Court" means the United States District Court for the Southern District of New York.

9.    "Defendants" means Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr., John P. Kiernan, and R. Michael Weiss.

7

10.    "Defendants' Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

11.    "Effective Date" means the date on which the Court's final approval order and judgment (the "Judgment"), substantially in the form of Exhibit C hereto, becomes final, which shall be deemed to occur when either of the following has occurred: (a) if an appeal or review is not sought by any person from the Judgment, the thirty-first (31st) day after entry of the Judgment (or, if the date for taking an appeal is extended, the day after the date of expiration of the extension); or (b) if an appeal or review is sought from the Judgment and the Judgment is affirmed or the appeal or review is dismissed or denied, the day after such Judgment is no longer subject to further judicial review. For purposes of this definition, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses.

12.    "Escrow Account" means the independent escrow account at Citizens Bank of Pennsylvania. The Escrow Account shall be governed by the terms of the Escrow Agreement. Promptly following preliminary approval by the Court of the Settlement, Defendants shall cause $100,000 of the Settlement Fund to be paid in cash into the Escrow Account. Promptly following entry of the Final Approval Order by the Court of the Settlement, Defendants shall cause $5,400,000 (the balance of the Settlement Fund) to be paid in cash into the Escrow Account. The Escrow Account shall be managed by Sherrie R. Savett (Plaintiffs' representative) and John A. Herfort (Defendants' representative) for the benefit of Lead Plaintiff and the Class and the Settlement Fund shall be distributed from the Escrow Account in the manner and subject to the terms and conditions specified in this Stipulation. No money shall be disbursed from the Escrow Account to any Class Member until the Effective Date has occurred, the period for Class Members to exclude themselves from the Class has become final, and Defendants have been notified as to the number of Class Members requesting exclusion from the Class. Immediately

8

following the Effective Date, John A. Herfort shall relinquish control over the monies in the

Settlement Fund and Sherrie R. Savett shall retain control over the Settlement Fund in order to

pay any administrative expenses and distribute the Settlement Fund to the Lead Plaintiff and the

Class Members.

13.    "Escrow Agent" means Citizens Bank of Pennsylvania.  The Escrow Agent shall

perform the duties as set forth in this Stipulation.

14.    "Individual Defendants" means Edward H. Braun, John F. Rein, Jr., John P.

Kiernan, and R. Michael Weiss.

15.    "Lead Counsel," "Lead Plaintiff's Counsel," "Plaintiff's Counsel," or "Plaintiff's

Lead Counsel" means the law firm of Berger & Montague, P.C, who were appointed Lead

Counsel for the Class.

16.    "Person" means a natural person, individual, corporation, partnership, limited

partnership, association, joint venture, joint stock company, estate, custodian, legal

representative, trust, joint venture, unincorporated association, government or any political

subdivision or agency thereof, and any business or legal entity and their/its heirs, executors,

administrators, predecessors, successors, representatives, or assignees.

17.    "Plaintiff," "Lead Plaintiff" or "Steelworkers" means class representative

Steelworkers Pension Trust.

18.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of

expenses of notice and administration of the Settlement, Taxes (as defined in paragraph J.5

below) and Tax Expenses (as defined in paragraphs J.5 and J.6 below) and such attorneys' fees

and out-of-pocket expenses and such reimbursement of costs and expenses for Lead Plaintiff's

9

representation of the Class as may be awarded by the Court. The Released Parties shall have no responsibility for the Plan of Allocation or liability with respect thereto.

19.    "Released Parties" means Defendants named in the Action, including their predecessors, successors, subsidiaries, affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants, advisors and the heirs, executors, administrators, predecessors, successors, representatives or assigns of the foregoing.

20.    "Settled Claims" shall mean all claims, debts, demands, rights or causes of action or liabilities whatsoever by Lead Plaintiff, on its own behalf and on behalf of the Class, against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in paragraph A.23 below), (i) that have been asserted in this Action by Lead Plaintiff or the Class Members against any of the Released Parties, (ii) that have been or could have been asserted in any forum by Lead Plaintiff or the Class Members against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, holding or sale of Veeco publicly-traded securities during the Class Period, or (iii) that have been or could have been asserted in this Action or any forum by the

Class Members or any of them against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action.

21.    "Settlement Fund" means the fund created and maintained as provided in, and subject to, the provisions of this Stipulation.

22.    "Settlement Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether an order approving the Settlement should be entered thereon, to determine whether the Plan of Allocation regarding the Settlement Fund should be approved, to consider an award of counsel fees and reimbursement of expenses to Plaintiff's Lead Counsel, and to consider reimbursement of costs and expenses for Lead Plaintiff's representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4).

23.    "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

**B.    SCOPE AND EFFECT OF SETTLEMENT**

1.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

2.    Upon the Effective Date, Lead Plaintiff and Members of the Class on behalf of themselves and each of their heirs, executors, administrators, predecessors, successors, representatives or assignees, and any persons they represent, shall release and forever discharge each and every Settled Claim against each of the Released Parties, provided, however, that nothing in this Stipulation shall bar any action or claims by Plaintiffs to enforce the terms of this Stipulation. The Proof of Claim and Release ("Proof of Claim") to be executed by Class Members shall release all Settled Claims against the Released Parties and shall be substantially in the form attached as Exhibit 2 to Exhibit B. All Class Members shall be bound by the releases set forth in the Judgment whether or not they submit a valid and timely Proof of Claim.

3.    Upon the Effective Date, any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any person against any Defendant relating to any claim by Members of the Class under federal or state law that have been or could have been asserted relating to the purchase or sale of Veeco securities during the Class Period shall be barred.

12

4.    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished all claims that have been or could have been asserted against Lead Plaintiff, each and all of the Class Members, and/or Plaintiff's Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

5.    Upon the Effective Date, each Member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all claims that have been or could have been asserted against Lead Plaintiff and/or Plaintiff's Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

6.    Upon the Effective Date, Lead Plaintiff, Defendants, Plaintiff's Counsel and Defendants' Counsel shall expressly waive, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any claims arising out of the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

## C.    SETTLEMENT FUND

1.    In full settlement of the Settled Claims, Defendants will deliver or cause to be delivered to the Escrow Agent $5,500,000 (five million five hundred thousand dollars) (the "Settlement Fund") for the benefit of Lead Plaintiff and the Class. The Settlement Fund shall be payable by Defendants into the Escrow Account in two tranches as set forth in paragraphs C.2 and C.3 below: (1) the first tranche shall be in the amount of $100,000 (one hundred thousand dollars), and (2) the second tranche shall be in the amount of $5,400,000 (five million four hundred thousand dollars).

2.      The first tranche in the amount of $100,000 shall be paid promptly after the Court preliminarily approves the Settlement and directs that Notice be given to the Class.

3.      The second tranche in the amount of $5,400,000 shall be paid promptly after the Court gives final approval to the Settlement.

4.      The Escrow Agent shall receive the payments described in paragraphs C.2 and C.3 hereof, deposit them into the Escrow Account, and invest the funds pursuant to and in the manner described in this Stipulation and the Escrow Agreement. The Settlement Amount, together with all interest income resulting from investment of the Settlement Amount, is herein referred to as the Settlement Fund. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, the Escrow Agreement, or upon order of the Court.

5.      Interest earned or accrued on the funds deposited into the Escrow Account from the date of deposit shall accrue for the benefit of the Class if the Settlement becomes final.

6.      If, for any reason, the Effective Date as defined at paragraph A.11 herein does not occur, all amounts in the Escrow Account (including interest, any unexpended monies allocated for notice and administration costs, any attorneys' fee and expenses awarded by the Court and any reimbursement of Lead Plaintiff's costs and expenses for representation of the Class ordered by the Court) shall be returned to Veeco (less any Taxes due and payable by the Escrow Agent on interest earned and costs of the Escrow Agent and costs of notice to the Class or administration of the Settlement incurred but not yet expended or actually expended), and the proposed Settlement shall be ineffective and without prejudice to any Party.

7.      The Settlement Fund, net of any Taxes on the income thereof and any Tax Expenses, shall be used to pay the notice and administration expenses as authorized by this

14

Stipulation, including all costs and expense of identifying and notifying Class Members about

the Action and the proposed Settlement, for soliciting the filing of claims by Class Members,

assisting them in making their claims, processing and preparing the claims, and for otherwise

administering, on behalf of the Class, the Settlement embodied in this Stipulation, and (i) the

attorneys' fees and expenses as awarded by the Court, (ii) reimbursement of Lead Plaintiff's

costs and expenses for representation of the Class as ordered by the Court, and (iii) other fees

and expenses authorized by the Court. The balance of the Settlement Fund after the above

payments (the "Net Settlement Fund") shall be distributed to the Authorized Claimants.

8.       Defendants' representative and Plaintiffs' representatives, as referred to in

paragraph A.12, shall not be responsible for the payment of any sums due to Authorized

Claimants or other Persons except to the extent of maintaining account of and appropriately

paying sums as required by this Stipulation, but only to the limited extent that such sums have

been delivered into the Escrow Account as required by this Stipulation.

**D.    NOTICE AND ADMINISTRATION**

1.       Prior to the Effective Date, Plaintiffs' Counsel, without authorization from any

other party, may, in a Payment Instruction, authorize the Escrow Agent to disburse the following

from the Escrow Account:

> i.       During the period between preliminary and final approval by the
>
> Court of the Settlement, up to an aggregate total of $100,000 of the Settlement
>
> Fund for notice and administration costs. Amounts so authorized by designated
>
> counsel for Plaintiffs to the Escrow Agent shall, in the event of the return of the
>
> Settlement Fund to Defendants pursuant to the terms of the Stipulation and this

Agreement as set forth in Paragraph C.6 of this Agreement, be charged against Defendants' contribution to the Settlement Amount;

        ii.     During the period between final approval by the Court of the Settlement and the Effective Date, up to an additional, aggregate total of $100,000 of the Settlement Fund for notice and administration costs. Plaintiffs may apply to the court for authorization to make additional disbursements for notice and administration costs.

    2.    If this Stipulation is not approved or the Effective Date does not occur or the Settlement otherwise, for whatever reason, does not become final as defined at paragraph A.11 herein, then any monies allocated for notice and administration, less any monies paid or expenses incurred but not yet paid, shall be transferred to, deposited into and disposed of as part of the Escrow Account.

**E.    THE PRELIMINARY APPROVAL ORDER**

    Promptly after execution of this Stipulation, Lead Plaintiff and Defendants shall move the Court for the Preliminary Approval Order, substantially in the form of Exhibit B hereto, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing. The Preliminary Approval Order to be presented to the Court shall specifically include provisions which, among other things:

    1.    Preliminarily approve the Settlement;

    2.    Find that the Class consists of all Persons who purchased the securities of Veeco Instruments Inc., during the period between April 26, 2004 and February 10, 2005 inclusive, excluding from the Class Defendants, members of the immediate family of each of the

Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in

which any excluded person has a controlling interest, and the legal representatives, heirs,

successors, and assigns of any excluded person;

      3.      Approve forms of mailed notice (together with a cover letter, the "Notice") and

published notice (the "Summary Notice") (substantially in the forms attached as Exhibits 1 and 3

to Exhibit B), and the Proof of Claim (substantially in the forms attached as Exhibit 2 to Exhibit

B), for mailing and publishing notice to Members of the Class to inform them of the Settlement

Hearing pertaining to (i) final approval of the Settlement and allocation of the Settlement Fund;

and (ii) Plaintiff's Lead Counsel's application for attorneys' fees and reimbursement of expenses

and reimbursement of costs and expenses for Lead Plaintiff's representation of the Class

pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4);

      4.      Direct Plaintiff's Lead Counsel to mail or cause to be mailed the Notice and Proof

of Claim to those Members of the Class who or which can be identified through reasonable effort

from the shareholder records provided by Defendants. Nominees who purchased Veeco

securities during the Class Period will be requested to send the Notice and Proof of Claim to all

beneficial owners within ten (10) days after receipt of the Notice or, if they have not already

done so, to send a list of the names and addresses of the beneficial owners to the Claims

Administrator within ten (10) days of receipt of the Notice;

      5.      Direct Plaintiff's Lead Counsel to cause the Summary Notice to be published once

in the national edition of The Wall Street Journal and cause a copy of the Notice to be published

electronically on a suitable Internet site;

      6.      Direct Plaintiff's Lead Counsel to serve on Defendants' Counsel and file with the

Court proof, by affidavit, of the mailing and publication of the Notice and Summary Notice as

provided for in paragraphs E.3 and E.4 hereof within three (3) days before the Settlement Hearing;

7.    Find that the mailing and publication pursuant to paragraphs E.3 and E.4 hereof constitute the best notice to Members of the Class practicable under the circumstances, including individual notice to all such Members of the Class who or which can be identified through reasonable effort, and is due and sufficient notice of the Settlement Hearing, proposed Settlement, application for attorneys' fees and expenses, and other matters set forth in the Notice, and that the Notice and Summary Notice fully satisfy the requirements of due process, the Federal Rules of Civil Procedure, and § 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA;

8.    Provide that Members of the Class who wish to participate in the Settlement Fund shall complete and submit a Proof of Claim in accordance with the instructions contained therein;

9.    Provide that, pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Member of the Class, either directly, representatively, or in any other capacity, shall commence against any Defendant or Released Party any action or proceeding in any court or tribunal asserting any of the Settled Claims;

10.    Schedule the Settlement Hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether an order approving the Settlement should be entered, whether the Plan of Allocation of the Settlement Fund should be approved, and whether to award attorneys' fees and reimbursement of expenses to Plaintiff's Lead Counsel, and to consider reimbursement of costs and expenses for Lead Plaintiff's representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4);

18

11.     Provide that any Class Member may object to the Settlement, any part of the Settlement, or the request for attorneys' fees and reimbursement of expenses and for reimbursement of costs and expenses for representation of the Class;

12.     Provide that any objections to the Settlement shall be heard and any papers submitted in support of said objections shall be received and considered by the Court at the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise) only if, on or before a date to be specified in the Preliminary Approval Order, persons making objections shall file notice of their intention to appear and copies of any papers in support of their position, along with proof of membership in the Class, with the Clerk of the Court and serve such notice and papers on counsel to all of the Parties;

13.     Provide that, upon the Effective Date, all Members of the Class who or which have not requested exclusion from the Class, pursuant to the procedures described herein at paragraph E.14, whether or not they submit a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Settled Claims, and any such Member of the Class shall be conclusively deemed to have released the Released Parties from any and all such Settled Claims;

14.     Provide that no person who is not a Member of the Class or counsel to the Class shall have any right to any portion of, or to participate in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation;

15.     Provide that any Member of the Class shall have the option of excluding himself, herself or itself from the Class by mailing a timely and valid request for exclusion (which must include information sufficient to establish purchase and/or sale of Veeco securities) postmarked on or before fourteen (14) days before the Settlement Hearing to the Claims Administrator

pursuant to the instructions set forth in the Notice (Exhibit 1 to Exhibit B), and further providing

that all persons or entities who or which properly file requests for exclusion from the Class shall

not be Members of the Class and shall have no rights with respect to the Settlement and no

interest in the Settlement Fund; and

      16.    Provide that the Settlement Hearing may, from time to time and without further

notice to the Class, be continued by Order of the Court.

**F.    FINAL APPROVAL ORDER AND JUDGMENT TO BE ENTERED BY THE
COURT APPROVING THE SETTLEMENT**

      Upon approval by the Court of the Settlement contemplated by this Stipulation, a

Judgment, substantially in the form of Exhibit C attached hereto, shall be entered by the Court

which shall:

      1.    Approve the Settlement embodied in this Stipulation as fair, reasonable and

adequate to the Class;

      2.    Approve the Plan of Allocation of the Settlement Fund that was approved by the

Court;

      3.    Dismiss the Action in its entirety as against Defendants as to Lead Plaintiff and

Class Members with prejudice and without costs to any party as against any other party except as

provided herein;

      4.    Adjudge, subject to sections G and H below, that:

      (a)    Lead Plaintiff and Members of the Class on behalf of themselves and each

of their heirs, executors, administrators, predecessors, successors representatives or assignees,

and any persons they represent, shall be deemed conclusively to have released and settled each

and every Settled Claim against each of the Released Parties, except that nothing in this

Stipulation shall bar any action or claims by Lead Plaintiff or Members of the Class to enforce the terms of this Stipulation;

        (b)    Any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any person against any Defendant relating to any claim by Members of the Class under federal or state law that have been or could have been asserted relating to the purchase or sale of Veeco securities during the Class Period shall be barred;

        (c)    Each of the Defendants shall be deemed conclusively to have released and settled any and all claims all claims that have been or could have been asserted against Lead Plaintiff and/or Plaintiff's Lead Counsel or Members of the Class relating to the institution, prosecution or settlement of the Action or the Settled Claims;

        (d)    Each Member of the Class shall be deemed conclusively to have released and settled all claims that have been or could have been asserted against Lead Plaintiff and/or Plaintiff's Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims;

        (e)    Lead Plaintiff, Defendants, Plaintiff's Counsel and Defendants' Counsel shall be deemed conclusively to have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any claims arising out of the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise;

    5.    Bar and permanently enjoin each Member of the Class from prosecuting the Settled Claims against the Released Parties; and

    6.    Reserve jurisdiction, without affecting the finality of the Judgment entered, over:

(a)    Implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned/accrued thereon;

(b)    Distribution of the Settlement Fund;

(c)    Hearing and determining Plaintiff's Lead Counsel's applications for attorneys' fees, costs, and expenses and for reimbursement of costs and expenses for Lead Plaintiff's representation of the Class pursuant to the PSLRA;

(d)    Enforcing and administering this Stipulation, including any releases in connection therewith; and

(e)    Other matters related or ancillary to the foregoing.

## G.    CONDITIONS OF SETTLEMENT

1.    This Stipulation shall be subject to the following conditions, in addition to those provided in paragraph H.1 hereof:

(a)    The Court shall have entered the Preliminary Approval Order, as required by section E above;

(b)    The Court shall have entered the Judgment, as required by section F above;

(c)    An Effective Date as defined in paragraph A.11 hereof shall have occurred;

(d)    Veeco shall have paid or caused to be paid $5,500,000 into the Settlement Fund, as set forth in section C above; and

(e)    Defendants shall not have exercised their right to withdraw from this Stipulation pursuant to paragraph G.2 below.

2.    Plaintiff's Lead Counsel and Defendants' Counsel have executed a "Supplemental Agreement" setting forth certain conditions under which Defendants shall have the option to withdraw from this Stipulation without prejudice in the event that Class Members (which Persons would otherwise be entitled to participate as Members of the Class) who in the aggregate incurred a given amount of losses timely and validly request exclusion from the Class. Unless otherwise required by the Court, the Supplemental Agreement shall not be filed prior to the deadline for Members of the Class to submit requests for exclusion from the Class unless a dispute arises as to the terms of the Supplemental Agreement. Should Defendants choose to exercise their option to withdraw from this Stipulation, such option to withdraw shall be exercised by serving written notice, from Defendants' Counsel to Plaintiff's Lead Counsel, on or before five (5) business days before the Settlement Hearing. If Defendants exercise their option to withdraw from the Settlement, this Stipulation will be null and void, and the provisions of section H hereof will apply. Plaintiff's Lead Counsel may attempt to cause retraction of any request for exclusion by Members of the Class. If Defendants have exercised the option to withdraw from the Settlement and if Plaintiff's Lead Counsel succeeds in causing the retraction of sufficient requests for exclusion such that the remaining requests for exclusion do not equal or exceed the aggregate amount of losses which gives rise to Defendants' right to withdraw from the Settlement, then Defendants' notice of withdrawal from the Settlement automatically shall be deemed a nullity. To retract a prior request for exclusion, a Class Member must provide to the Claims Administrator and Plaintiff's Lead Counsel at least five (5) calendar days prior to the Settlement Hearing, or any adjournment thereof, a written notice stating his, her or its desire to retract his, her or its request for exclusion from the Class. Plaintiff's Lead Counsel shall promptly provide such notice to Defendants' Counsel.

23

3.      Upon the satisfaction of all of the conditions referenced in paragraph G.1 hereof, each Member of the Class shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Released Parties, whether or not such Member of the Class executes and delivers a Proof of Claim. Only those Members of the Class who or which submit valid Proofs of Claim shall be entitled to receive any distributions from the Settlement Fund. The Proof of Claim to be executed by a Member of the Class shall release all Settled Claims against the Released Parties and shall be substantially in the form attached as Exhibit 2 to Exhibit B. Each of the Defendants and each Member of the Class shall be deemed conclusively to have released any and all claims against Lead Plaintiff and Plaintiff's Lead Counsel relating to and including the Settled Claims.

4.      Upon the satisfaction of all of the conditions referenced in paragraph G.1 above, the obligation of the Escrow Agent to return funds from the Settlement Fund to Defendants pursuant to paragraph H.2 hereof shall be absolutely and forever extinguished.

## H.      EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

1.      Without limiting the provisions of section G above, a condition of this Stipulation is that it shall be approved by the Court under applicable provisions of Federal law. However, if: (i) the Court does not enter the Judgment provided for in section F, or (ii) the Court enters the Judgment and appellate review is sought and on such review the Judgment is materially modified or reversed, or (iii) any of the conditions of paragraph G.1 are not satisfied, then this Stipulation shall be cancelled and terminated unless counsel for each of the Parties to this Stipulation, within ten (10) business days from the receipt of such ruling or written notice of such circumstances, agrees in writing to proceed with this Stipulation and Settlement. For purposes of this paragraph, an intent to proceed shall not be valid unless it is expressed in writing by: (a) Plaintiff's Lead

24

Counsel; and (b) Defendants' Counsel. Such notice shall be provided on behalf of the Parties to this Stipulation only by their counsel. Neither a modification nor reversal on appeal of any amount of fees, costs and expenses awarded by the Court to Plaintiff's Lead Counsel shall be deemed a material modification of the Judgment or of this Stipulation.

2.      If either (a) the Effective Date does not occur, or (b) this Stipulation is canceled or terminated pursuant to its terms, then the entire amount of the Settlement Fund remaining in the Escrow Account (including all accrued interest less any Taxes, fees or charges owing with respect to the Settlement Fund less any expenses and costs which have not yet been paid but are properly chargeable to the administration of the Settlement) shall be refunded by the Escrow Agent to Veeco's insurer within ten (10) business days after receipt of written notice of either of the above events.

3.      If the Effective Date does not occur, or if this Stipulation is terminated or cancelled pursuant to its terms, any expenses already incurred and properly chargeable to the notice and administration of the Settlement at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent prior to the balance being refunded to Veeco's insurer pursuant to paragraph H.2.

4.      If the Effective Date does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, all of the Parties to this Stipulation shall be deemed to have reverted to their litigation positions immediately prior to the execution of this Stipulation and they shall proceed in all respects as if this Stipulation had not been executed and the related Orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.

**I.    ESCROW AGENT**

1.      The Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.      The Settlement Fund shall be deemed in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court.  The Settlement Fund shall be held in a separate account, and shall be invested and reinvested by the Escrow Agent in accordance with the terms of the Escrow Agreement.  If any of the occurrences specified in paragraph G.1 do not occur or the Stipulation is disapproved, canceled or terminated, the Escrow Agent shall return such funds to Veeco's insurer pursuant to paragraph H.2.

3.      Prior to the Effective Date, disbursements for notice and administration costs shall be made at the sole direction of Plaintiffs' Counsel.  Before the Effective Date, disbursements out of the remaining portion of the Settlement Fund contained in the Escrow Account (except for disbursements to pay Taxes) shall be made only upon order of the Court.  Upon and after the Effective Date, disbursements out of the Settlement Fund contained in the Escrow Account shall be made at the direction of Plaintiff's Lead Counsel or by order of Court.  The Released Parties have no responsibility for, and no potential liability for, improper or erroneous disbursements out of the Settlement Fund contained in the Escrow Account, and no such erroneous distributions shall change, modify or increase the liability of the Defendants under this Stipulation.

**J.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS AND DISTRIBUTION OF SETTLEMENT FUND**

1.      Plaintiffs' Lead Counsel, or their authorized agents, acting on behalf of the Class, and subject to the supervision, direction and approval of the Court, shall administer and calculate

26

the claims submitted by Members of the Class and shall oversee distribution of the Settlement Fund.

      2.    The Settlement Fund shall be applied as follows:

      (a)    Subject to the approval and further order(s) of the Court, to pay to Plaintiff's Lead Counsel their attorneys' fees, costs and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award"), and to reimburse Lead Plaintiff's costs and expenses for representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4), if and to the extent allowed by the Court. The Fee and Expense Award shall be paid to Plaintiff's Lead Counsel within six (6) business days after the later of (i) the entry by the Court of an order making the Fee and Expense Award; or (ii) the Effective Date. Under no circumstance shall the Fee and Expense Award be disbursed prior to the Effective Date. It is agreed that the procedure for and the allowance or disallowance by the Court of any application by Plaintiff's Lead Counsel for attorneys' fees, costs and expenses and for reimbursement of costs and expenses for representation of the Class to be paid out of the Settlement Fund are not part of this Stipulation, that Defendants will take no position on any such application for attorneys' fees, costs and expenses or for reimbursement of costs and expenses for representation of the Class, and that any order or proceeding relating thereto shall not operate to terminate or cancel this Stipulation or to affect its finality. If the Fee and Expense Award is later modified or reversed for any reason, Plaintiff's Lead Counsel agrees to repay the Fee and Expense Award to the Escrow Agent within twenty (20) business days after the disapproval, cancellation or termination of the Settlement;

      (b)    To distribute the Net Settlement Fund to Authorized Claimants as set forth in paragraphs J.7, J.8 and J.11 below;

3.      The Parties and the Escrow Agent agree to treat and administer the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1 for all taxable years of the Settlement Fund, beginning with the date it is created. The Parties agree to take no action inconsistent with the treatment of the Escrow Account in such a manner. In addition, the Escrow Agent and, as required, the Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. Section 1.468B-l(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiff's Counsel to cause to be timely and properly prepared and delivered any necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.  For the purposes of § 468B of the Internal Revenue Code of 1986, and Treas. Reg. § 1.468B, the "administrator" shall be the settlement Claims Administrator Heffler, Radetich & Saitta LLP (the "Administrator"). The Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this paragraph and, in all events, shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph J. 6 hereof.

5       The Settlement Fund is responsible for paying taxes on interest generated by the Settlement Fund. The Escrow Agent shall cause all tax payments due on the Settlement Fund pursuant to Payment Instructions executed in accordance with the Escrow Agreement to be

made.  If the Settlement Fund is returned to the Insurer, the Insurer shall provide the Escrow

Agent with properly completed Forms W-9.

6.    All (i) taxes (including any interest or penalties) arising with respect to the

income earned by the Settlement Fund, including any taxes or tax detriments that may be

imposed upon Defendants with respect to any income earned by the Settlement Fund for any

period during which the Settlement Fund does not qualify as a "qualified settlement fund" for

Federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in

connection with the operation and implementation of this paragraph (including, without

limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax

Expenses"), shall be paid out of the Settlement Fund; in all events the Released Parties shall have

no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax

Expenses shall be treated as, and considered to be, a cost of administration of the Settlement

Fund and shall be timely paid by the Administrator out of the Settlement Fund without prior

order from the Court.  The Administrator shall be obligated (notwithstanding anything herein to

the contrary) to withhold from distribution to Members of the Class any funds necessary to pay

such amounts, and to establish adequate reserves for any Taxes and Tax Expenses (as well as any

amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(l)(2)); and the

Released Parties are not responsible and shall have no liability therefore.  The Parties hereto

agree to cooperate with the Administrator, Escrow Agent, each other, and their tax attorneys and

accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

7.    Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be available for allocation to Members of the Class who submit valid Proofs of Claim ("Authorized Claimants") as follows:

(a) Each person claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim that shall include a general release of the Released Parties, the Lead Plaintiff and Plaintiff's Lead Counsel in substantially the form attached as Exhibit 2 to Exhibit B, signed under penalty of perjury, and supported by such documents as specified in the Proof of Claim;

(b) All Proofs of Claim must be postmarked within thirty (30) days after the date of the Settlement Hearing set forth in the Preliminary Approval Order. Unless otherwise ordered by this Court, any Member of the Class who fails to submit a properly completed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation or from the Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Settled Claims and the dismissal, with prejudice, of the Action;

(c) Plaintiff's Lead Counsel, in the interest of achieving substantial justice, shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted;

(d) Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify in a timely fashion, and in writing, all

Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph J.7(e) below;

(e)  If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by paragraph J.7(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any support documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court.  Claimants involved in such a dispute whose rejection is ultimately upheld by the Court shall (i) be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but shall in all respects be subject to and bound by this Stipulation and the Settlement, including the releases provided for in this Stipulation, the Proof of Claim, and the Judgment; (ii) be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Settled Claims; (iii) be conclusively deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties, Lead Plaintiff and Plaintiff's Lead Counsel from all claims, including without limitation, Settled Claims arising out of or in connection with the institution, prosecution, or assertion of the Action or the Settled Claims; (iv) be conclusively deemed to have covenanted not to sue any Released Party, Lead Plaintiff and Plaintiff's Lead Counsel in any action or proceeding of any nature with respect to the Settled Claims; and (v) forever be enjoined and barred from asserting the Settled Claims against any Released Parties, Lead Plaintiff and

31

Plaintiff's Lead Counsel in any action or proceeding of any nature, whether or not such Claimants have filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiff's Lead Counsel for an award of attorneys' fees, expenses and costs, whether or not the claims of such Claimants have been approved or allowed, or such objection has been overruled by the Court;

8.    The Net Settlement Fund shall be allocated among Authorized Claimants and distributed in accordance with the Plan of Allocation as set forth in the Notice (Exhibit 1 to Exhibit B). The Plan of Allocation set forth in the Notice is not a necessary term of the Stipulation and it is not a condition of the Stipulation that any particular Plan of Allocation be approved.

9.    Payment in accordance with the Plan of Allocation shall be deemed conclusive of compliance with this Stipulation against all Authorized Claimants. All Members of the Class who fail to submit valid and timely Proofs of Claim shall be barred from participating in distributions from the Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of this Stipulation, including the terms of any final orders or judgments entered and the releases given.

(a)    The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation or payment of claims to Members of the Class. The definition of recognized loss in the Plan of Allocation ("Recognized Loss") may be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the method of calculating the Recognized Loss, or any appeal from any order relating thereto or reversal or modification

thereof, shall not operate to terminate or cancel the Stipulation. The method of calculating the Recognized Loss was determined by Plaintiff's Lead Counsel on the basis of advice from Plaintiff's damages expert and considerations of efficiency, economy and fairness in settlement administration. Defendants deny that the price of Veeco's securities was artificially affected or inflated by Defendants' conduct, which denial Lead Plaintiff does not admit.

     (b)     In connection herewith, Defendants shall have no involvement in the solicitation of Proofs of Claim, except with respect to providing shareholder records pursuant to paragraph E.4, or any involvement in the administration process itself, which will be conducted for the Class by Plaintiff's Lead Counsel or persons retained by them in accordance with this Stipulation and the Judgment to be entered by the Court; provided, however, that Defendants shall not be precluded from communicating with Veeco employees regarding the Settlement.

     (c)     Nothing in this Stipulation shall be construed to provide Defendants with standing to challenge or question any fee and expense application by Plaintiff's Lead Counsel or fee and expense award to them or any reimbursement of costs and expenses for Lead Plaintiff's representation of the Class pursuant to the PSLRA.

     (d)     No Authorized Claimant shall have any claim against Lead Plaintiff, Plaintiff's Lead Counsel or the Claims Administrator based on any distributions made substantially in accordance with either this Stipulation or as modified by the Court.

     10.     This is not a "claims made" settlement. Defendants shall have no right whatsoever to the return of all or any part of the Settlement Fund upon the Effective Date.

     11.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator after application to the Court by Plaintiff's Lead Counsel for an order regarding distribution ("Class Distribution Order") only after the Effective Date and after: (i) all

claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; and (iii) all matters with respect to attorneys' fees, expenses and costs and reimbursement of costs and expenses for representation of the Class have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; and (iv) all costs of administration have been paid.

12.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $20.00 from such re-distribution. If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiff's Lead Counsel, subject to Court approval.

## K.    NO ADMISSIONS

1.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be:

(a)    offered or received against the Defendants or against the Lead Plaintiff or the Class as evidence of or construed as or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants or by the Lead Plaintiff or the Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

       (b)    offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiff and the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

       (c)    offered or received against the Defendants or against the Lead Plaintiff or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

       (d)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; and

       (e)    construed or received as an admission or finding of wrongful conduct, wrongful acts or wrongful omissions on the part of the Defendants or Lead Plaintiff or the Class or be admissible in any proceeding for any purpose whatsoever except to show that this

Stipulation was entered into, and except that this Stipulation shall be admissible for all purposes solely in proceedings brought by Defendants or Lead Plaintiff to enforce the terms of this Stipulation.

**L.    MISCELLANEOUS PROVISIONS**

1.    The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

3.    This Stipulation may be amended or modified only by a written instrument signed by Plaintiff's Lead Counsel and Defendants' Counsel.

4.    This Stipulation and the exhibits attached here (along with the Supplemental Agreement that will not be filed, unless otherwise required by the Court, prior to the deadline for Members of the Class to exclude themselves from the Class) constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.    Except as otherwise provided herein, each party shall bear its own costs. Plaintiff's Lead Counsel's attorneys' fees and expenses, subject to Court approval, shall be paid only out of the Settlement Fund.

6.    Plaintiff's Lead Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to

36

effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class.

7.    Defendants' Counsel are authorized to sign this Stipulation on behalf of all Defendants.

8.    This Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

9.    This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto, provided, however, that no assignment by any party hereto shall operate to relieve such party of its obligations hereunder.

10.    All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law and in accordance with the laws of the United States.

11.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations which preceded the execution of this Stipulation, all Parties hereto have contributed substantially and materially to the preparation of this Stipulation.

12.    The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

13.     The waiver of one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected party, or counsel for that party.

14.     Without further order of the Court, counsel for the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation, except those set forth in paragraphs C.1, C.2 and C.3.

15.     Confidentiality of Discovery Materials.

Each of the Parties to this Agreement agrees that all documents produced by any party during discovery in this Action (the "Discovery Materials"), and the contents thereof, shall be kept confidential by each Party and shall not be produced or disclosed to any Person (other than by a Party to its agents or employees) except with the prior written consent of each other Party or as may be required by applicable law or court process.  In addition, each of the Parties shall not use the Discovery Materials for any purpose other than concluding the litigation of this Action, shall destroy all Discovery Materials in their possession within sixty (60) days following the Effective Date, and shall certify in writing that such Discovery Materials have been destroyed.  In the event that a Party is required by applicable law or court process to produce any Discovery Materials, or to disclose the contents thereof, such Party shall, to the extent that such Party may lawfully do so, give the other Parties such notice as is reasonably practicable and shall give each other Party a reasonable opportunity to interpose an objection or obtain a protective order preventing, limiting or restricting the disclosure or production, or requiring that any Discovery Materials be used, and/or their contents be disclosed, only for the purposes for which the order

38

was issued, or any other appropriate remedy.  This Section shall not apply to information which is or becomes generally available to the public other than as a result of a violation of this Section.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

08/19/2007 THU 13:05  FAX 215 875 0574                                                    041/041

Dated: August 16, 2007         BERGER & MONTAGUE, P.C.


_Carole Broderick_

Sherrie R. Savett
Carole A. Broderick
Arthur Stock
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Counsel for Lead Plaintiff Steelworkers Pension Trust
and the Class*

and


GIBSON, DUNN & CRUTCHER LLP

_Ross Wallin_

John A. Herfort, Esq.
Robert J. Serio, Esq.
J. Ross Wallin, Esq.
Colin R. Young, Esq.
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Counsel for Defendants*


Matls417180


40