**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------- x
In re VEECO INSTRUMENTS INC.          :  Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                 :
----------------------------------------------- x
----------------------------------------------- x
THIS DOCUMENT RELATES TO              :
ALL ACTIONS                           :
----------------------------------------------- x
```

**PRELIMINARY APPROVAL ORDER**

WHEREAS, by Order dated March 21, 2006, the Court certified in this Action a class consisting of all persons who purchased the securities of Veeco Instruments Inc. ("Veeco") during the period April 26, 2004 through February 10, 2005, inclusive (the "Class Period") and were damaged as a result thereof, excluding the Defendants, members of the immediate families of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco Instruments Inc., any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person;

WHEREAS, pursuant to the Court's June 28, 2007 Memorandum and Decision on Motions *In Limine*, (1) all Class Members who purchased Veeco stock during the Class Period which they sold at a profit after the Class Period, and (2) all Class Members who purchased Veeco stock during the Class Period which they retained past the point after the Class Period when the price of Veeco stock first recovered to the price at which the shares were purchased, were not damaged by Defendants' alleged wrongful conduct; and

1

WHEREAS, Plaintiff and Defendants Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr., John P. Kiernan, and R. Michael Weiss (collectively, "Defendants"), having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement (the "Settlement") of this Action in accordance with the Stipulation and Agreement of Settlement dated August 16, 2007 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action, and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The definitions in the Stipulation are incorporated herein.

2. The Court's March 21, 2006 Order is hereby amended and the "Class" is redefined as all Persons who purchased the securities of Veeco Instruments Inc., during the period between April 26, 2004 and February 10, 2005 inclusive, excluding from the Class Defendants, members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person. The Class shall consist of all Members of the Class except those persons who submit valid and timely requests for exclusion in accordance with this Order or who previously made a timely and valid request for exclusion.

3. The proposed Settlement, as set forth in the Stipulation, is preliminarily approved as fair, reasonable and adequate.

4. A hearing ("The Settlement Hearing") shall be held before this Court on November 2, 2007, at ____ in the Courtroom of the Honorable Colleen McMahon, United States District Judge for the Southern District of New York, Courtroom 21B, United States Courthouse, 500 Pearl Street, New York, New York 10007, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether an order approving the Settlement (the "Final Approval Order" provided for in the Stipulation) should be entered thereon; to determine whether the Plan of Allocation regarding the Settlement Fund as set forth in the Notice is fair and reasonable and should be approved; to consider an award of counsel fees and reimbursement of expenses to Plaintiff's Lead Counsel; to consider reimbursement of costs and expenses for Plaintiff's representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4); and to rule on such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing and later reconvene it without further notice to Members of the Class.

5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Approval Order approving the Stipulation and dismissing the Complaint with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), attached as Exhibits 1, 2 and 3 hereto, and finds that the mailing and distribution of the Notice and Proof of Claim and the publication of the Summary Notice

substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the PSLRA, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled hereto. Plaintiff's Lead Counsel is hereby authorized to issue such Notice and Proof of Claim, in substantially their present forms, to those Members of the Class that can be identified through reasonable effort.

7.    Plaintiff's Lead Counsel is hereby authorized to retain Heffler, Radetich & Saitta LLP as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims and distribution of the Net Settlement Fund as more fully set forth below.

8.    Not later than twenty (20) days from the date of this Order, Plaintiff's Lead Counsel shall cause copies of the Notice and Proof of Claim, substantially in the forms attached as Exhibits 1 and 2, to be mailed by first class mail to all Class Members who can be identified with reasonable efforts, including those Persons identified in connection with the dissemination of the prior notice, entitled Notice of Pendency of Class Action and dated June 1, 2007, pursuant to the Order dated May 15, 2007 (the "Initial Notice") which mailing shall be directed to the Class Members' addresses listed on such transfer records. The date of such initial mailing of the Notice and Proof of Claim shall be referred to as the "Notice Date."

9.    Not later than seven (7) days after the Notice Date, Plaintiff's Lead Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit 3, to be published once in the national edition of *The Wall Street Journal*.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokers, dealers, banks, voting trustees and other nominees for Members of the Class who purchased Veeco securities during the Class Period as record owners but not beneficial owners. Such nominee purchasers are directed within seven (10) days of their receipt of the Notice to forward copies of the Notice and Proof of Claim to their beneficiaries who are Members of the Class. Plaintiff will make available additional copies of the Notice and Proof of Claim forms to any record holder requesting copies for purposes of distribution to beneficial owners. In the alternative, such nominee purchasers within seven (10) days of their receipt of the Notice and Proof of Claim may provide the Claims Administrator with lists of the names and addresses of the beneficial owners, in which case the Claims Administrator shall cause the Notice and Proof of Claim to be mailed promptly to the beneficial owners identified by such nominees. Upon receipt of a timely request for reimbursement, Plaintiff's Lead Counsel shall promptly reimburse the nominee purchaser from the Notice and Administration Fund for all costs reasonably incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

11. Plaintiff's Lead Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to persons who indicate, in response to the Summary Notice or otherwise, that they purchased Veeco securities during the Class Period and to other persons who are identified as beneficial purchasers of Veeco securities during the Class Period.

12. At least three (3) days before the Settlement Hearing, Plaintiff's Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice and the mailing of the Notice.

13. All Members of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, except for such persons requesting exclusion from the Class in a timely and proper manner.

14. In addition to the Persons who previously requested exclusion from the Class, pursuant to the Initial Notice, any Person may seek a second opportunity to be excluded from the Action by submitting a written request for exclusion. Any request for exclusion must be mailed to the address set out in the Notice, postmarked no later than October 19, 2007. Any Members of the Class so excluded shall not be bound by the terms of the Stipulation, or be entitled to any of its benefits, and shall not be bound by the Judgment and/or other order of the Court in this Action, whether pursuant to the Stipulation or otherwise. A request for exclusion may be retracted by following the procedures set out in the Stipulation.

15. Any Member of the Class who has not requested exclusion may appear with or without counsel, and show cause, if he, she or it has any, why the proposed settlement of the Action should not be approved as fair, reasonable and adequate or why a judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Plaintiff's Lead Counsel in the amount requested, why the proposed Plan of Allocation of the Settlement Fund should not be approved, or why reimbursement of costs and expenses for Lead Plaintiff's representation of the Class should not be awarded;

provided, however, that no Member of the Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, the attorneys' fees and expenses to be awarded to Plaintiff's Lead Counsel, or the Plan of Allocation of the Settlement Fund, unless that person has served, by first class U.S. mail, postmarked no later than October 19, 2007, written objections and copies of any papers and briefs upon the following:

| | |
|---|---|
| Sherrie R. Savett, Esq. | John A. Herfort, Esq. |
| Carole A. Broderick, Esq. | Robert J. Serio, Esq |
| Phyllis M. Parker, Esq. | J. Ross Wallin, Esq. |
| Berger & Montague, P.C. | Gibson, Dunn & Crutcher LLP |
| 1622 Locust Street | 200 Park Avenue |
| Philadelphia, PA  19103 | New York, NY 10166 |
| *Plaintiff's Lead Counsel* | *Defendants' Counsel* |

and has filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York (which may be done by mail, if postmarked on or before the date set forth in the Notice). Any such written objection must include proof of membership in the Class (e.g., proof of purchases and sales of Veeco securities the Class Period). Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the distribution of the Settlement Fund and Plan of Allocation, to the award of attorneys' fees and expenses to Plaintiff's Lead Counsel and to the award of reimbursement of costs and expenses for representation of the Class.

16. Any response to any objections shall be filed no later than October 26, 2007. Only Class Members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or the application by Plaintiff's Lead Counsel for attorneys' fees and reimbursement of out-of-pocket expenses and for reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4).

17. All papers in support of the Settlement, the distribution of the Settlement Fund, and any application for attorneys' fees and reimbursement of out-of-pocket expenses, and for reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA shall be filed no later than October 26, 2007.

18. Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. Members of the Class who or which do not enter an appearance will be represented by Plaintiff's Lead Counsel.

19. Members of the Class who wish to participate in the Settlement Fund shall complete and timely submit Proofs of Claim and Releases in accordance with the instructions contained therein. All Proofs of Claim must be postmarked no later than December 3, 2007.

20. Neither Defendants nor Defendants' counsel shall have any right or liability with respect to or responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiff's Lead Counsel or any application for payments to the Class Representatives, and such

matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21. Upon the Effective Date of the Settlement, all Members of the Class who have not timely and validly requested exclusion, whether or not they filed a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall be deemed conclusively to have released and settled each and every Settled Claim against each of the Released Parties and to have released Lead Plaintiff and Plaintiff's Lead Counsel from all claims relating to and including the Settled Claims, except that nothing in this Order or the Stipulation shall bar any action or claims by Plaintiff or Members of the Class to enforce the terms of the Stipulation.

22. The payment of the Settlement Fund in accordance with the terms and obligations of the Stipulation is approved; and no person that is not a Member of the Class or Plaintiff's Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. Pending final determination of whether the Settlement should be approved, neither the Plaintiff nor any Member of the Class, either directly, representatively, or in any other capacity, shall commence against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

24. At or after the Settlement Hearing, the Court will determine whether the motion of Plaintiff's Lead Counsel for an award of attorneys' fees and reimbursement of out-of-pocket expenses and for reimbursement of costs and expenses for Plaintiff's representation of the Class pursuant to the PSLRA should be approved.

25. All reasonable costs incurred in identifying and notifying Members of the Class, as well as administering the Settlement and distributing the Net Settlement Fund, shall be paid as set forth in the Stipulation.

26. The Court reserves the right to adjourn the date of the Settlement Hearing and any adjournment thereof without further notice to Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: _____, 2007        BY THE COURT:

_____
COLLEEN MCMAHON, U.S.D.J.

malta417154-001.